**Allen Lee BLOSSOM, Plaintiff–Appellant,**

v.

**CSX TRANSPORTATION, INC., Defendant–Appellee.**

**No. 91–7468.**

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1994.

---

**1478**

Davis and Saunders, Blake G. Arata, Jr., Benjamin B. Saunders, C. Perrin Rome, III, Metairie, LA, for plaintiff-appellant.

Hand, Arendall, Bedsole, Greaves & Johnston, Jerry A. McDowell, Brian P. McCarthy, Mobile, AL, for defendant-appellee.

Before COX, Circuit Judge, CLARK and WELLFORD *, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

This is a personal injury action brought by an injured workman, plaintiff-appellant Allen Lee Blossom ("Blossom"), against his former employer, defendant-appellee CSX Transportation, Inc. ("CSX"), under the Federal Employers' Liability Act ("FELA"). Blossom appeals from a jury verdict in favor of CSX. We find that the district court erred in instructing the jury and that the erroneous instructions are not harmless. Accordingly, we vacate the judgment in favor of CSX and remand the case for a new trial.

## I. *BACKGROUND*

CSX is a common carrier by railroad operating a railway system that includes railroad tracks and facilities in Mobile, Alabama. Blossom began working for CSX as a switchman in May 1976. He was injured on the night of February 24, 1987, as he attempted to operate, or "throw," a switch. The switchman's training manual describes a switch as "a mechanical device consisting of movable track rails (switch point) with their fastenings and operating rods, providing a connection over which 'rolling stock' moves from one track to another. Switches may be operated ("thrown") either manually or by remote control depending on their type."[1] The

---

* Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. Switchman/Trainman Training Manual, Plaintiff's Trial Exh. 32 at 55.

switch at issue in this case is operated manually by a lever mounted to cross-ties. On the night of his accident, Blossom walked to this switch, stood on the cross-ties, and commenced to throw the switch. As he was doing so, his left foot slipped off of the cross-tie, causing him to lose his balance and injure his back. At the time of this accident, CSX used oil to lubricate the switches. Blossom alleges that he slipped because there was oil on the cross-ties. Blossom has had surgery on his back and has been unable to return to his duties as a switchman.

Blossom filed this lawsuit alleging that his injury was caused by CSX's negligence in failing to provide him with a safe place to work, failing to provide proper supervision and inspection of the work place, and failing to warn him of the possibility of oil or other foreign substance on the cross-ties. The jury returned a verdict for CSX, and Blossom appealed.

## II. *DISCUSSION*

Blossom argues that the district court erroneously instructed the jury as to the burden of proof, causation, the duty of care, and mitigation of damages. Blossom further argues that the district court erred in granting CSX's motion in limine to exclude evidence of subsequent remedial measures. We agree with Blossom that the district court's erroneous jury instruction on the burden of proof constitutes reversible error. Thus, we do not address Blossom's other arguments.

 Blossom argues that the jury received erroneous instructions regarding his burden of proof at trial. During closing arguments, Blossom's counsel described his client's burden as follows:

The other important element is burden of proof. This is a legal term that we use to say that the plaintiff has the burden of proving his case.

All that means is that by a mere preponderance of the evidence we have to prove our case more likely than not.

It's like the scales of justice, the way you're holding the scales. Put all of our evidence on one side and all the other points on the other, and as long as we tip the scales just one little bit in our favor, we've succeeded in proving our case.[2]

At this point in the argument, the district court judge interrupted counsel, stating:

No, no, that's not a proper argument. It's the preponderance of the evidence. It's not a matter of putting to see what weighs slightly more. It's the preponderance of the evidence. There's no mathematical formula. Go ahead.[3]

Counsel then finished his closing argument.

During his charges to the jury, the district court judge referred back to his interruption of counsel's argument, stating:

Some reference was made during argument, I stopped the argument, that if you put it on scales and it just slightly tilts one way—now that's not a correct measure of the burden of proof. It must be that it has more convincing force and produces in your minds a belief that what is sought to be true is more likely true than not true.[4]

The district court's remaining charges on the burden of proof substantially followed this circuit's pattern jury instructions.[5]

Blossom argues that his counsel's "tipping the scales" analogy was a correct statement of the law. Thus, he argues, the district court erred in interrupting the closing argument and in instructing the jury that the "tipping the scales" analogy was incorrect. Blossom contends that the district court's statements undermined his counsel's credibility before the jury and incorrectly led the jury to believe that preponderance of the evidence requires something more than tipping the scales.

 We agree with Blossom that his counsel's "tipping the scales" language was a proper illustration of Blossom's burden of proof. Courts have specifically endorsed this language for use in civil jury instructions. For example, in a recent employment dis-

---

**2.** R5–896–897.

**3.** R5–897.

**4.** R5–954–955.

**5.** R5–954–955; Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instructions 6.1 (1990); *see also* 3 Hon. Edward J. Devitt, Hon. Charles B. Blackmar, & Michael A. Wolff, Federal Jury Practice and Instructions § 72.01 (4th Ed.1987).

crimination action, the Second Circuit stated that the district court on remand should "instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it 'find[s] that the scales tip, however slightly, in favor of the party with th[e] burden of proof' as to that fact."[6] The Ninth Circuit even includes the "tipping the scales" language in its pattern jury instruction, which reads:

> The plaintiff has the burden of proving the case by what is called the preponderance of the evidence. That means that plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, *if you were to put plaintiff's and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip slightly on that side.*[7]

We do not mean to suggest that this "tipping the scales" language must be a part of civil jury instructions. We hold only that this language generally is a proper illustration of a plaintiff's burden of proof.

Thus, the district court judge erred when he interrupted counsel's argument and informed the jury that the reference to tipping the scales was "not a proper argument" and that the preponderance of the evidence was "not a matter of putting to see what weighs slightly more." The district court judge then compounded this error when he charged the jury, reminding the jury that he had interrupted counsel's argument and again informing the jury that tipping the scales was "not a correct measure of the burden of proof." These statements at least implied that Blossom had to produce *more* evidence than

would merely "tip the scales," thereby imposing upon him an inappropriately stringent burden of proof. While we recognize that the district court's remaining instructions on the burden of proof were proper, we do not think that these were sufficient to cure the erroneous statements. A proper jury instruction cannot cure an improper one if there is a possibility that the jury employed the improper rule in reaching its verdict.[8] Read as a whole, the district court's instructions in this case suggest two contradictory standards for the burden of proof, the correct standard and a higher standard that impliedly requires more that merely "tipping the scales." We cannot say that the jury employed the correct standard in reaching its verdict.

CSX argues that the district court's statements regarding the "tipping the scales" language were merely intended to insure that the jury was not misled into believing that it should weigh the quantity, rather than the quality, of the evidence. CSX contends that Blossom's counsel increased the risk of confusion in this area by pointing out in his closing argument that the defense put on only three witnesses. Thus, CSX argues, the district court correctly criticized the "tipping the scales" language in an effort to insure that the jury considered the credibility and overall convincing force of the evidence, rather than merely the quantity of the evidence.

We find CSX's argument to be wholly without merit on the record before us. While Blossom's counsel did make reference to the defense's three witnesses during his closing argument, he did so in the context of attacking their credibility, *not* the quantity of their testimony.[9] Indeed, counsel never sug-

6. *Ostrowski v. Atlantic Mutual Insurance Companies*, 968 F.2d 171, 187 (2nd Cir.1992) (quoting Sand, *Modern Federal Jury Instructions* ¶ 73.01, at 73–4 (1992)).

7. Manual of Model Jury Instructions for the Ninth Circuit, Civil Instruction 10.08 (1985) (emphasis added).

8. *See Somer v. Johnson*, 704 F.2d 1473, 1478 (11th Cir.1983) ("the possibility that the jury may have employed the wrong criterion of liability to exonerate the defendants requires a new trial"); *Johnson v. Bryant*, 671 F.2d 1276, 1281 (11th Cir.1982) (the instructions suggested "[t]wo contradictory standards of liability ...", and we can-

not say that the jury followed the proper rule"); *see also Smalley v. Duluth, Winnipeg & Pacific Railway Co.*, 940 F.2d 296, 299 (8th Cir.1991) ("When there exists, ... internal contradiction or inconsistency, courts should not presume they jury understood the proper rule and rejected the erroneous rule."), *cert. denied,* — U.S. —, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992).

9. Counsel stated:

> And that's why it's so important that you were here all last week and you got to hear the witnesses, you got to see the witnesses, you got to weigh their credibility, and that's very important, because the defense only put on three

gested that the jury should weigh the number of the plaintiff's witnesses (which was ten) against the number of defense witnesses. Moreover, the reference to the defense's three witnesses was *not* made in connection with the "tipping the scales" language; it preceded that language by a page and a half in the transcript, with, among other things, an explanation of the FELA between the two. The district court judge could not have thought that counsel's use of the "tipping the scales" language was an improper attempt to convince the jury that it should weigh the quantity, rather than the quality, of the evidence. Furthermore, even if this was the district court judge's concern, he made no attempt to relate this concern to his criticism of the "tipping the scales" language. He did not mention any such concern when he interrupted counsel's argument, and, although he charged the jury that "the weight of the evidence is not necessarily determined by the number of witnesses testifying," [10] this charge preceded his charge regarding the "tipping the scales" language by three pages in the transcript, with no apparent connection between the two.

Viewing the record as a whole, we are left "with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." [11] Because we are uncertain as to whether the jury was misled by the district court's erroneous instructions, these instructions cannot be harmless.[12] Accordingly, we must remand the case for a new trial.

### III. *CONCLUSION*

For the foregoing reasons, the judgment in favor of CSX is VACATED and the case is REMANDED for a new trial.

WELLFORD, Senior Circuit Judge, dissenting:

This is a close F.E.L.A. case with a verdict for the defendant after a full trial involving a number of witnesses and competent counsel on both sides of this controversy. I respect-

fully dissent from the vacating of the jury verdict.

### I. *MOTION IN LIMINE*

Since the majority would reverse and remand, I first would note that I would find that the district court did not abuse its discretion in granting CSX's motion in limine with respect to subsequent remedial measures.

### II. *BURDEN OF PROOF*

The principal issue in this appeal involves the district court's actions and instructions concerning the burden of proof placed upon the plaintiff in this case. During closing arguments, the judge interrupted the plaintiff's counsel to preclude his referring to the preponderance of the evidence standard as being analogous to tipping the scales of justice. Later, during the jury charge, the judge reminded the jury that the standard was not like this scales of justice analogy. The judge also included a proximate cause instruction following the instruction on negligence. The jury returned a verdict for the defendant and answered the first interrogatory, asking whether the defendant had been negligent, in the negative.

The plaintiff filed a notice of appeal and argues that the district court's jury instructions were erroneous.

The standard of review for jury instructions "is deferential." *Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1569–70 (11th Cir.1991). "On appeal, [the court] examine[s] whether the jury charges, *considered as a whole,* sufficiently instructed the jury so that the jurors understood the issues and were not misled." *Id.* (emphasis added).

During closing arguments, the plaintiff's counsel began to describe his client's burden in respect to the preponderance of the evidence standard:

It's like the scales of justice, the way you're holding the scales. Put all of our evidence on one side and all the other points on the other, and as long as we tip

---

witnesses and their credibility is highly at issue, as I'm sure was demonstrated. R5–895.

10. R5–951–952.

11. *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1372 (5th Cir.1981).

12. *Id.*

the scales just one little bit in our favor, we've succeeded in proving our case.

The district court interrupted to state:

No, no, that's not a proper argument. It's the preponderance of the evidence. It's not a matter of putting to see what weighs slightly more. It's the preponderance of the evidence. There's no mathematical formula. Go ahead.

Later, when the district judge charged the jury, he returned to the burden of proof issue:

A preponderance of the evidence means such evidence as when considered and compared with that opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

Some reference was made during argument, I stopped the argument, that if you put it on scales and it just slightly tilts one way—now that's not a correct measure of the burden of proof. It must be that it has more convincing force and produces in your minds a belief that what is sought to be true is more likely true than not true.

In other words, to establish a claim by a preponderance of the evidence means just that. To prove that the claim is more likely so than not so.

The district judge also later instructed the jury:

[T]he weight of the evidence is not necessarily determined by the number of witnesses testifying as to any—as to the existence or nonexistence of any fact.

You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The district judge *three times* instructed the jury that plaintiff had to show what he "sought to be proved" to be "more likely true" or "more likely so" than "not true" or "not so." He used the standard language to describe this burden as prescribed by Devitt, Blackmar & Wolff in their well-recognized work, *Federal Jury Practice and Instruc-*

*tions,* which was substantially the same as set out in their Third Edition on "preponderance of the evidence." 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions,* § 72.01 (4th ed. 1987); *see also* 7A, 7B, *Fifth Circuit Pattern Jury Instructions (Civil Cases) and Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit,* § 6.1 (1990).

The illustration suggested by the plaintiff's counsel with respect to "tipping the scales" in his argument should not have been interrupted by the district court. I believe also that it was unfair for the district court to state that it was "not a proper argument." The district court, however, reminded the jury—twice—that it apply a standard and usual "preponderance of the evidence" requirement. It was, of course, the district court's responsibility to explain what that meant in its instructions. As stated, I am convinced that the district court's instruction was not an incorrect statement of the law taken as a whole. The plaintiff's counsel argued to the jury, when interrupted, that it should "put all of our evidence [presented by his ten witnesses] on one side and all the other points on the other" before going on to refer to "tip[ping] the scales just one little bit." The district judge perhaps over-reacted, fearing that the jury might follow the erroneous notion that weighing the *volume* of the plaintiff's evidence as opposed to the quantum of "points" presented by the defendant's three witnesses was the standard to be employed.

Having conceded that the interruption, and the later reminder about the basis of interruption was inappropriate, I would find this conduct not to reach the level of reversible trial error. In that regard, viewing the totality of the instructions, I am not left "with a substantial and ineradicable doubt" about whether the jury was misled on what the plaintiff had to prove. *See Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1372 (5th Cir.1981). Accordingly, I would not find reversible error in respect to the major issue in the case, the plaintiff's burden of proof. I would not conclude that the jury was misled in this regard.[1]

---

1. I would, therefore, disagree with the plaintiff's argument that the "trial court has instructed the jury to apply two contradictory standards of liability." Plaintiff's Brief at 3. *Somer v. Johnson,*

704 F.2d 1473 (11th Cir.1983), is readily distinguishable; in *Somer,* the district court gave an instruction "expressly condemned" by the Flori-

In conclusion, then, I would affirm the jury verdict and the actions of the district court in rendering judgment for the defendant.

da Supreme Court Committee on Standard Jury Instructions as "confusing, difficult of application and argumentative." *Id.* at 1476. Compare *Wilson v. Bicycle South, Inc.,* 915 F.2d 1503 (11th Cir.1990), with respect to a judge's comments to the jury, and *Johnson v. Bryant,* 671 F.2d 1276, 1280 (11th Cir.1982), with respect to incorrectness in an instruction of an "isolated clause."