[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2008
THOMAS K. KAHN
CLERK

No. 07-15634
Non-Argument Calendar

_____

D.C. Docket No. 05-00011-CV-RLV-4

PHILLIP WEATHERS, as Administrator of the
Estate of Waymon Raynell Weathers, deceased,

Plaintiff-Appellant,

versus

JAMES LANIER,
DALE HERNDON,
PAUL BALLINGER,
SUE SALADANJA,
KATHY SMITH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 2, 2008)**

Before CARNES, PRYOR, and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Phillip Weathers, challenges the district court's order granting summary judgment in favor of all Defendants. Weathers, as administrator of his brother's estate, filed a 42 U.S.C. § 1983 complaint alleging that the Defendants acted with deliberate indifference to his brother's diabetic-related medical needs in violation of the Eighth Amendment. The complaint also alleges that this indifference proximately caused the death of his brother, Raynell, who died from a sudden stroke.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Furthermore, the party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

The district court granted summary judgment to the Defendants primarily on the ground that Weathers failed to demonstrate that they acted with deliberate indifference to Raynell's serious medical needs. The court also held that Weathers failed to present any evidence that the Defendants' treatment regimen of Raynell's diabetes caused his death. We agree that Weathers has not come forward with

2

evidence sufficient to withstand summary judgment showing that the Defendants' alleged indifference proximately caused Raynell's death.

The first argument raised by Weathers on appeal is that the Defendants' indifference to Raynell's diabetes caused his stroke and death. The record does not support this argument. Weathers's own expert, Dr. John Clark, testified that he could not state with a reasonable degree of medical certainty that Raynell's diabetes led to his stoke. (R.3-136 at 210.) Other experts expressed similar sentiment regarding the relationship between Raynell's diabetes and his stroke. The medical examiner, for example, testified that while she listed diabetes as a contributing factor of Raynell's stroke, had she known Raynell suffered from hyperlipidemia and hypertension, she would have listed those as contributing factors as well. (R.2-130, Ex. 2 ¶ 8.) Also, Dr. Owen Samuels testified that Raynell was not in a diabetic crisis ("diabetic ketoacidosis") when he had a stroke, nor did diabetes contribute to or cause the stroke. (R.2-132, Ex. 5 ¶¶ 7-8.)

The second argument raised by Weathers on appeal is that Raynell would have survived the stroke had the Defendants properly diagnosed and treated his diabetes-related symptoms in the days preceding his fatal stroke. For support, Weathers points to the following evidence: (1) Dr. Clark's deposition testimony that Raynell could have survived had the signs and symptoms of an oncoming metabolic crisis and

stroke been properly developed; (2) Dr. Crocker's deposition testimony that he would have immediately evaluated a patient experiencing blurred vision and disorientation; (3) Dr. Clark's affidavit stating that a proper medical response to Raynell's clinical history and bizarre behavior would have significantly increased his chance of survival; (4) Dr. Dunn's deposition testimony that a known diabetic's bizarre behavior and confusion might indicate a metabolic disturbance; (5) Nurse Saldana's deposition testimony that segregating a diabetic undergoing a metabolic crisis without a doctor's examination jeopardizes his life; and (6) Dr. Tanner's deposition testimony that if presented with a patient with Raynell's symptoms he would have examined the patient. (Pl.'s Br. at 39-40.)

The most compelling evidence offered by Weathers is found in the opinions of Dr. Clark. In his expert report, he stated that Raynell "could have survived had his signs and symptoms been appropriately addressed at the time he initially presented in December 2002." (R.2-105, Ex. 1 at 8.) He offered a similar opinion in his affidavit, stating that Raynell's chances "for survival would have been significantly higher" had the Defendants properly treated his diabetes-related symptoms. (R.3-161, Ex. N at 5.)

Dr. Clark never testified, however, that appropriate action by the Defendants in the days before Raynell's stroke *would have* ensured Raynell survived the

4

devastating stroke. Indeed, none of the evidence offered by Weathers suggests that Raynell would have survived the stroke absent the alleged indifference. Rather, it shows only that diabetes may have been a contributing cause of Raynell's stroke and that Raynell could have survived the stroke with proper treatment of his diabetes. In a civil case such as this one, the plaintiff must prove every essential part of his claim by a preponderance of the evidence. Proving something by a "preponderance of the evidence" means "an amount of evidence that is enough to persuade [the jury] that the Plaintiff's claim is more likely true than not true." Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instruction 6.1 (2005); *Blossom v. CSX Transp., Inc.*, 13 F.3d 1477 (11th Cir. 1994). Testimony that Raynell *could have* survived the stroke or that his diabetes was a contributing cause of his death does not meet this standard. Only testimony showing that Raynell *would have* survived absent the alleged indifference satisfies Weathers's burden of proof in this case.

Because Weathers has not demonstrated proximate cause by a preponderance of the evidence, we need not consider whether Defendants acted with deliberate indifference to Raynell's serious medical needs.

**AFFIRMED.**