# United States Court of Appeals for the Federal Circuit

---

**JOE A. LYNCH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2067

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3106, Senior Judge Mary J. Schoelen.

---

Decided: June 3, 2021

---

MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS; ADAM R. LUCK, Gloverluck, LLP, Dallas, TX.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR; CHRISTOPHER O. ADELOYE, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for amicus curiae Military-Veterans Advocacy Inc. Also represented by JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA.

STANLEY JOSEPH PANIKOWSKI, III, DLA Piper LLP (US), San Diego, CA, for amici curiae Swords to Plowshares, Connecticut Veterans Legal Center. Also represented by EDWARD HANOVER, East Palo Alto, CA; JESSE MEDLONG, San Francisco, CA.

———————————

Before DYK, CLEVENGER, and PROST*, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* PROST.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* DYK.

PROST, *Circuit Judge.*

Joe A. Lynch appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for a disability rating greater than 30% for service-connected post-traumatic stress disorder ("PTSD"). *Lynch v. Wilkie*, No. 19-3106, 2020 WL 1899169 (Vet. App. Apr. 17, 2020) ("*Decision*"). In affirming the Board's denial, the Veterans Court relied on *Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001), to determine that the "benefit of the doubt rule" under 38 U.S.C. § 5107(b) did not apply to Mr. Lynch's claim. Mr. Lynch argues that *Ortiz* requires equipoise of positive and negative evidence (rather than an "approximate balance" of the evidence as set forth in 38 U.S.C. § 5107(b)) to trigger the benefit-of-the-doubt rule, and that *Ortiz* was therefore wrongly decided. Because we disagree with Mr. Lynch's

———————————

* Sharon Prost vacated the position of Chief Judge on May 21, 2021.

reading of *Ortiz*, and because this panel is bound by *Ortiz*, we affirm.

## BACKGROUND

Mr. Lynch is a veteran who served on active duty in the United States Marine Corps from July 1972 to July 1976. In March 2015, Mr. Lynch presented for counseling upon the recommendation of his veteran peer group and was evaluated on two separate occasions by Dr. Gwendolyn Newsome, a private psychologist. Mr. Lynch described symptoms, including phobias about confined spaces, panic attacks, memory problems, mood swings, frequent nightmares, antisocial behaviors, and depression. J.A. 25–26. He attributed these symptoms to intrusive memories from his time in service and completed the military version of the PTSD Checklist. J.A. 25–26. Dr. Newsome reported that Mr. Lynch's symptoms and the results of the PTSD Checklist supported a diagnosis of PTSD. J.A. 25–26.

In March 2016, Mr. Lynch filed a claim of entitlement to PTSD, accompanied by Dr. Newsome's report, with the Department of Veterans Affairs ("VA"). In August 2016, Mr. Lynch underwent a VA PTSD examination. The VA examiner confirmed the diagnosis of PTSD but reported that Mr. Lynch's PTSD did not result in symptoms that were severe enough to interfere with occupational or social functioning or to require continuous medication. J.A. 18, 39. The examiner reviewed Dr. Newsome's report but noted that the level of impairment observed by Dr. Newsome was not observed or reported during the VA examination. J.A. 39, 44. The relevant regional office ("RO") of the VA subsequently granted Mr. Lynch's PTSD claim with a 30% disability rating.

In October 2016, Mr. Lynch filed a Notice of Disagreement with the RO disputing the 30% disability rating. In support, Mr. Lynch submitted two additional psychological evaluations conducted by a private psychiatrist, Dr. H. Jabbour. *See* J.A. 49, 58. In July 2017, Mr. Lynch

underwent a second VA PTSD examination.  The examiner documented Mr. Lynch's symptomatology and addressed the conflicting medical opinions regarding the severity of Mr. Lynch's symptoms, noting, for example, that some of Dr. Jabbour's conclusions "were more extreme than what was supported by available evidence."  J.A. 60.  In August 2017, the RO continued Mr. Lynch's 30% disability rating.

Mr. Lynch appealed to the Board, arguing that the RO assigned too low a rating for his PTSD because his symptoms are worse than those contemplated by the assigned 30% rating.  The Board denied Mr. Lynch's appeal, finding that based on the record—including the evaluations conducted by Dr. Newsome, Dr. Jabbour, and the two VA examiners—"[Mr. Lynch] does not have social and occupational impairment manifested by reduced reliability and productivity" that would warrant a disability rating greater than 30% for PTSD.  *See* J.A. 20.  The Board noted that "[Mr. Lynch's] private examiners have described more severe impairment than that identified by the VA examiners; however, those findings are not supported by the subjective symptoms provided by [Mr. Lynch]."  J.A. 21.  The Board concluded that "the preponderance of the evidence is against the claim and entitlement" for a disability rating greater than 30% for PTSD.  J.A. 21.

Mr. Lynch then appealed the Board's decision to the Veterans Court, arguing in relevant part that the Board misapplied 38 U.S.C. § 5107(b) and wrongly found that he was not entitled to the "benefit of the doubt."  *See Decision*, 2020 WL 1899169, at *3.  The benefit-of-the-doubt rule is codified at 38 U.S.C. § 5107, which provides:

> The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary.  When there is an *approximate balance* of positive and negative evidence  regarding  any  issue  material  to  the

> determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C. § 5107(b) (emphasis added). The implementing regulation in turn provides:

> When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an *approximate balance* of positive and negative evidence which does not satisfactorily prove or disprove the claim.

38 C.F.R. § 3.102 (emphasis added).

The Veterans Court rejected Mr. Lynch's assertion that he was entitled to the benefit of the doubt and affirmed the Board's decision, reasoning that "the doctrine of reasonable doubt . . . d[oes] not apply here because the preponderance of the evidence is against the claim." *Decision*, 2020 WL 1899169, at *5 (internal quotation marks omitted). In support of its reasoning, the Veterans Court relied on *Ortiz*, which held that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant." 274 F.3d at 1364. Mr. Lynch now appeals the Veterans Court's decision.

## DISCUSSION

### I

We have limited jurisdiction to review decisions by the Veterans Court. Under 38 U.S.C. § 7292(d)(2), except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." But we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret

constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). And "we have authority to decide whether the Veterans Court applied the correct legal standard." *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008). We review the Veterans Court's legal determinations de novo. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017).

## II

Mr. Lynch raises a single issue on appeal. He argues that *Ortiz* was wrongly decided because it sets forth an "equipoise of the evidence" standard to trigger the benefit-of-the-doubt rule and that this decreased his chance of receiving a disability rating greater than 30% for PTSD. *See* Appellant's Br. 12–13. According to Mr. Lynch, *Ortiz* read the modifier "approximate" out of the term "approximate balance" set forth in 38 U.S.C. § 5107(b) by requiring an equal or even balance of the evidence to give the benefit of the doubt to the claimant. *See* Appellant's Br. 16–19. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

Mr. Lynch's argument is two-pronged. First, he suggests that *Ortiz* expressly requires equipoise of the evidence for a claimant to receive the benefit of the doubt. But *Ortiz* says no such thing. Second, he contends that *Ortiz*'s holding that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant," 274 F.3d at 1364, leaves no space for a claimant to receive the benefit of the doubt unless the positive and negative evidence is in perfect balance. But *Ortiz* considered and rejected such reasoning, *id.* at 1365–66, and this panel is bound by *Ortiz*. We further address each prong of Mr. Lynch's argument in turn.

## A

Contrary to Mr. Lynch's suggestion that *Ortiz* sets forth an equipoise-of-the-evidence standard to trigger the benefit-of-the-doubt rule, *Ortiz* explicitly gives force to the

modifier "approximate" as used in 38 U.S.C. § 5107(b). *Ortiz* found § 5107(b) to be "clear and unambiguous on its face" and recited dictionary definitions of the words "approximate" and "balance" in concluding that under the statute "evidence is in approximate balance when the evidence in favor of and opposing the veteran's claim is found to be almost exactly or nearly equal." 274 F.3d at 1364 (cleaned up). Thus, *Ortiz* necessarily requires that the benefit-of-the-doubt rule may be triggered in situations other than equipoise of the evidence—specifically, situations where the evidence is "nearly equal,"[1] i.e., an "approximate balance" of the positive and negative evidence as set forth in § 5107(b) and 38 C.F.R. § 3.102. *Ortiz*, 274 F.3d at 1364–65; *see also Best Power Tech. Sales Corp. v. Austin*, 984 F.2d 1172, 1177 (Fed. Cir. 1993) ("It is a basic principle of statutory interpretation . . . that undefined terms in a statute are deemed to have their ordinarily understood meaning. For that meaning, we look to the dictionary." (first citing *United States v. James*, 478 U.S. 597, 604 (1986); and then citing *Bd. of Educ. v. Mergens*, 496 U.S. 226, 237 (1990))).

Mr. Lynch further suggests that, post-*Ortiz*, this court has "interpreted the benefit-of-the-doubt rule as setting forth an absolute equality-of-the-evidence or equipoise-of-the-evidence standard." Reply Br. 3 (citing *Skoczen v. Shinseki*, 564 F.3d 1319, 1324 (Fed. Cir. 2009)). Mr. Lynch is mistaken. *Skoczen* interpreted 38 U.S.C. § 5107(a), not 38 U.S.C. § 5107(b), and merely referred to the § 5107(b)

---

[1]    Although *Ortiz* also uses the words "too close to call" and a "tie goes to the runner" analogy in discussing the term "approximate balance," the case makes clear that it goes further than mere ties—"nearly equal" evidence triggers the benefit-of-the-doubt rule. 274 F.3d at 1364–65.

standard in passing dicta. *Skoczen*, 564 F.3d at 1324. Accordingly, *Skoczen* does nothing to disturb *Ortiz.*

Amicus curiae Military-Veterans Advocacy Inc. ("MVA") argues that in certain decisions citing *Ortiz*, the Veterans Court has articulated an equipoise-of-the-evidence threshold for giving the veteran the benefit of the doubt. *See* MVA Br. 8. In isolated cases, that may be so. *See, e.g.*, *Chotta v. Peake*, 22 Vet. App. 80, 86 (2008) (stating that "[if] the evidence is not in equipoise . . . the benefit of the doubt rule would not apply"). The Veterans Court's recitation in *Chotta* of the standard is incorrect.[2]

So, let us be clear. Under § 5107(b) and *Ortiz*, a claimant is to receive the benefit of the doubt when there is an "approximate balance" of positive and negative evidence, which *Ortiz* interpreted as "nearly equal" evidence. This interpretation necessarily includes scenarios where the evidence is not in equipoise but nevertheless is in approximate balance. Put differently, if the positive and negative evidence is in approximate balance (which includes but is not limited to equipoise), the claimant receives the benefit of the doubt.

B

As to whether *Ortiz* correctly held that the benefit-of-the-doubt rule does not apply when "the preponderance of the evidence is found to be against the claimant," 274 F.3d at 1364, this panel is bound by *Ortiz.*

Mr. Lynch argues that *Ortiz* was wrongly decided because "the totality of the . . . evidence can both preponderate in one direction and be nearly or approximately in

---

[2]    This misstep in *Chotta* does not appear to have negatively affected that veteran's case. *See* 22 Vet. App. at 86 (vacating and remanding on the basis that the Board failed to consider certain lay evidence of record).

balance." Reply Br. 3. He contends that "these two stand-ards cannot co-exist" and that therefore *Ortiz* eliminates any meaning of the word "approximate" in § 5107(b). Reply Br. 3. But *Ortiz* considered (and rejected) such reasoning, explaining that "if the Board is persuaded that the prepon-derant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' . . . and the benefit of the doubt rule therefore has no application." 274 F.3d at 1365; *see also id.* at 1365–66 (stating that a finding by "the preponderance of the evidence" reflects that the Board "has been persuaded" to find in one direction or the other). This panel is bound by *Ortiz*.

## CONCLUSION

We have considered Mr. Lynch's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

———————————————

**JOE A. LYNCH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————————

2020-2067

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3106, Senior Judge Mary J. Schoelen.

———————————————

DYK, *Circuit Judge*, concurring in part and dissenting in part.

The majority holds that this court's prior decision in *Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001), did not establish an equipoise-of-the-evidence standard for applicability of the benefit-of-the-doubt rule. Maj. Op. 8. I agree. The majority also holds that under *Ortiz,* the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be for or against a claimant. Maj. Op. 8. Here I disagree. It seems to me that *Ortiz's* preponderance of the evidence standard is inconsistent with the plain text of 38 U.S.C. § 5107(b).

I

As the majority notes, *Ortiz* contains some language suggesting that a veteran is entitled to the benefit of the doubt only when the evidence is "too close to call." Maj. Op. 7 n.1 (quoting *Ortiz*, 274 F.3d at 1365). However, I agree with the majority that *Ortiz* is best understood as holding that veterans are entitled to the benefit of the doubt when the evidence for or against their claims is approximately equal. *See Ortiz*, 274 F.3d at 1364. The benefit-of-the-doubt rule, codified at 38 U.S.C. § 5107(b), provides that a claimant is entitled to the benefit of the doubt when there is an "approximate balance" of positive and negative evidence. To the extent there is dicta in *Ortiz* suggesting that the benefit-of-the-doubt rule applies only in the context of an evidentiary tie, those statements are inconsistent with the plain text of § 5107(b) and should be disregarded.

II

The majority also holds that the benefit-of-the-doubt rule does not apply when the preponderance of the evidence is found to be against a veteran's claim. Maj. Op. 8. In this respect the majority agrees with *Ortiz*'s holding that "if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' or 'too close to call,' and the benefit-of-the-doubt rule therefore has no application." 274 F.3d at 1365. That standard is the one applied by the Veterans Court in this case.

If the preponderance of the evidence favors the claimant, the claimant prevails, and there is no need to reach the benefit-of-the-doubt rule. But the majority holds that the benefit-of-the-doubt rule does not apply when the VA has established that the veteran is not entitled to recover by a preponderance of the evidence. This formulation is first confusing because the statute generally places the burden of proof on the veteran. 38 U.S.C. § 5107(a)

("Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary.").

More significantly, the preponderance formulation is not consistent with the statute and disadvantages the veteran. This court has previously explained that "preponderant evidence" simply "means the greater weight of evidence." *Hale v. Dep't of Transp., FAA*, 772 F.2d 882, 885 (Fed. Cir. 1985); *see also Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1279 (Fed. Cir. 2005) (explaining in the context of the Vaccine Act that "[t]his court has interpreted the 'preponderance of the evidence' standard . . . as one of proof by simple preponderance, of 'more probable than not' causation").

Our sister circuits have similarly explained that preponderant evidence may be found when the evidence only slightly favors one party. *See, e.g., Gjinaj v. Ashcroft*, 119 F. App'x 764, 773–74 (6th Cir. 2005) ("A preponderance of the evidence requires only that the government's evidence 'make the scales tip slightly' in its favor."); *Blossom v. CSX Transp., Inc.*, 13 F.3d 1477, 1479 (11th Cir. 1994) (determining that a jury instruction correctly explained that the preponderance of the evidence standard is "like the scales of justice" and can be satisfied as long as a party "tip[s] the scales just one little bit in [their] favor"); *Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 187 (2d Cir. 1992) ("Instead, the court should instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it 'finds that the scales tip, however slightly, in favor of the party with the burden of proof' as to that fact." (citation omitted)).

Because preponderant evidence may be found when the evidence tips only slightly against a veteran's claim, that standard is inconsistent with the statute's standard that the veteran wins when there is an "approximate balance" of evidence for and against a veteran's claim.

"Approximate" is not the same as "slight." By reframing the statute's standard in terms of preponderance of the evidence, *Ortiz* departed from the clear language of the statute to the disadvantage of the veteran. It is not difficult to imagine a range of cases in which the evidence is in approximate balance between the veteran and the government (and the veteran should recover), but still slightly favors the government (and under the majority's test, the veteran would not recover).

*Ortiz's* holding effectively and impermissibly restricts the benefit-of-the-doubt rule to cases in which there is close to an evidentiary tie, a proposition that the majority agrees would be contrary to the "approximate balance" language of the statute. *See* Maj. Op. 8. Indeed, the government appeared to agree at oral argument that when the evidence against a veteran's claim is equal to "equipoise plus a mere peppercorn," denying the benefit-of-the-doubt rule would be contrary to statute. Oral Argument at 23:00–23:16, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-2067_04082021.mp3 (but disagreeing that preponderance of the evidence is satisfied under that circumstance).

I respectfully dissent from the majority's conclusion that the preponderance standard is consistent with the statute.