# United States Court of Appeals for the Federal Circuit

---

**LARRY W. MATTOX,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2175

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5212, Judge Coral Wong Pietsch, Judge Grant Jaquith, Judge Michael P. Allen.

---

Decided: January 9, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before STOLL, SCHALL, and STARK, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Larry W. Mattox appeals the April 26, 2021 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Mattox v. McDonough*, 34 Vet. App. 61 (2021). In that decision, the Veterans Court affirmed the April 5, 2019 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Mattox entitlement to service connection for an acquired psychiatric disorder, specifically post-traumatic stress disorder ("PTSD"). J.A. 72.

In its decision, the Veterans Court addressed two issues that are relevant for this appeal. First, the court held that Mr. Mattox's appeal to the Board was not subject to the provisions of the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105 ("AMA"). *Mattox*, 34 Vet. App. at 66–71. As a result, the court ruled that Mr. Mattox was not prejudiced by the Board's failure to provide him with a notice of its decision that met the requirements of 38 U.S.C. § 5104(b), as amended by the AMA. *Id.* at 71. Second, the Veterans Court held that the Board did not err when it concluded that the benefit-of-the-doubt rule, codified at 38 U.S.C. § 5107(b) (2000), did not apply in Mr. Mattox's case. *Mattox*, 34 Vet. App. at 74–75. The Board reached that conclusion because, although it recognized that a veteran is entitled to the benefit of the doubt "where the evidence is in approximate balance," it found that, in Mr. Mattox's case, "the preponderance of the evidence" was against his claim for service connection. J.A. 81–82.

For the reasons set forth below, we hold that Mr. Mattox's appeal to the Board was not covered by the AMA. We also hold that the Board did not err in interpreting the benefit-of-the-doubt rule and in not applying it in Mr. Mattox's case. We therefore affirm the decision of the Veterans Court.

BACKGROUND

I

Mr. Mattox served in the U.S. Navy from October of 1967 to October of 1971. *Mattox*, 34 Vet. App. at 64. His period of service included time spent on a vessel in the waters of Vietnam. *Id.*

On July 31, 2015, Mr. Mattox filed a claim for disability benefits with the Department of Veterans Affairs ("VA") St. Louis Regional Office ("RO"). In it, he sought service connection for PTSD. J.A. 27–30. In support of his claim, he submitted the diagnosis of a private doctor. The doctor's diagnosis was presented in a VA Disability Benefits Questionnaire ("DBQ"). *Id.* at 114–19. The doctor concluded that Mr. Mattox suffered from PTSD and that in-service activities caused his disability. *Id.* at 116–17.

On October 23, 2015, Mr. Mattox was examined by a VA psychologist. The examiner concluded that Mr. Mattox did not present "a diagnosis of PTSD according to the DSM-5 diagnostic criteria."[1] J.A. 41. Rather, based on the information presented to him by Mr. Mattox, the examiner found that Mr. Mattox suffered from moderate alcohol and cannabis use disorder, which explained his feelings of depression, anxiety, and irritability. *Id.*; *see also id.* at 31. The examiner based his findings, in part, on the fact that Mr. Mattox spent a "great deal of time" on "getting and using cannabis." *Id.* at 32. In addition, Mr. Mattox reported to the examiner that he used cannabis "about daily," that

---

[1]    "DSM-5," sometimes referred to as "DSM-V," refers to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition. The DSM-5 provides diagnostic criteria for psychiatric diagnoses, including PTSD.

he experienced feelings of anxiety, and that he used alcohol and cannabis to decrease those feelings. *Id.* at 37.

On December 28, 2015, following receipt of the assessments of Mr. Mattox's private doctor and the VA examiner, as well as various record documents, the RO concluded that Mr. Mattox did not suffer from PTSD. It therefore denied his claim. J.A. 45–48. Relevant here, the RO credited the VA examiner's diagnosis of Mr. Mattox's condition over that of Mr. Mattox's private doctor. *Id.* at 46. On December 21, 2016, following the filing of his notice of disagreement, *id.* at 49–50, and the RO's subsequent issuance of its statement of the case, *id.* at 51–69, Mr. Mattox appealed to the Board, *id.* at 70.

In its April 5, 2019 decision, the Board affirmed the RO's denial of Mr. Mattox's claim. J.A. 72. Like the RO, the Board found that "the weight of the evidence" did not support Mr. Mattox's claim that he suffered from PTSD. *Id.* at 77. In the Board's view, the observations and findings of the VA examiner were "highly probative" on the question of Mr. Mattox's condition, *id.* at 78, and the Board noted what it viewed as deficiencies in the diagnosis of Mr. Mattox's private doctor, *id.* at 78–79. In sum, the Board observed that "the October 2015 examiner provided a more thorough review of the evidence and more vigorous rationale for the conclusion reached." *Id.* at 79. The Board concluded its opinion with the following statement:

> [T]he Board has reviewed all medical and lay evidence, but finds there is no probative evidence of record which establishes that the Veteran has been diagnosed with PTSD during the pendency of his appeal. Although the Veteran is entitled to the benefit of the doubt where the evidence is in approximate balance, *the benefit of the doubt doctrine is inapplicable where, as here, the preponderance of the evidence is against the claim for service connection.*

*Id.* at 81–82 (citing 38 U.S.C. § 5107; 38 C.F.R. § 3.102 (2001)) (emphasis added).    Mr. Mattox appealed the Board's decision.

## II

Before the Veterans Court, Mr. Mattox raised two arguments that are relevant for us.[2]  His first argument related to 38 U.S.C. § 5104.  The 1994 version of that statute, which was in effect when Mr. Mattox filed his claim for benefits on July 31, 2015, provided, in relevant part, that "[i]n the case of a decision by the Secretary under [38 U.S.C. § 511] affecting the provision of benefits to a claimant," the Secretary was required to provide notice of the decision to the claimant and his or her representative.    38 U.S.C. § 5104(a) (1994).[3]  The statute also provided that "[i]n any case where the Secretary denies a benefit sought, the notice required by subsection (a) shall also include (1) a statement of the reasons for the decision, and (2) a summary of the evidence considered by the Secretary."  *Id.* § 5104(b) (1994).

On August 23, 2017, approximately two years after the RO decided Mr. Mattox's claim, Congress, as part of the AMA, amended § 5104(b) to provide enhanced notice requirements.  The amendment required that "[e]ach notice provided under subsection (a)" of § 5104 include seven specified items.  38 U.S.C. § 5104(b) (2017).  The Board's notice to Mr. Mattox with respect to its April 5, 2019

---

[2]    Mr. Mattox raised additional arguments before the Veterans Court that he does not raise on appeal.

[3]    Section 511 of Title 38 grants the Secretary the authority to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."  38 U.S.C. § 511 (1991).

decision did not include the items required by the amended version of § 5104(b).

Mr. Mattox argued to the Veterans Court that, when it issued its April 5, 2019 decision, the Board was bound by the amended version of § 5104(b), which went into effect on February 19, 2019.[4] Thus, he contended, the Board erred by not providing him with the more fulsome notice required by the amended version of § 5104(b). *Mattox*, 34 Vet. App. at 65. Mr. Mattox also argued that he was prejudiced by the Board's error.[5]

---

[4] Congress provided a note to 38 U.S.C. § 101 regarding the "Applicability" of amended § 5104(b) (as well as the rest of the AMA). In the note, Congress instructed that the amendments to Title 38 "shall apply to all claims for which notice of a decision under section 5104 of title 38, United States Code, is provided by the Secretary of Veterans Affairs on or after the later of": (a) 540 days after the AMA's enactment; and (b) 30 days after the Secretary provides a certification to Congress of the VA's capabilities to address appeals under both the "legacy" system and the AMA system. Pub. L. No. 115-55 sec. 2(x)(1). Following the statutorily required certification on January 18, 2019, the AMA's applicability date became February 19, 2019. VA Claims and Appeals Modernization, 84 Fed. Reg. 2449-01 (Feb. 7, 2019).

[5] Mr. Mattox asserted that he was prejudiced for two reasons. First, he claimed that had the Board identified findings favorable to him, *see* § 5104(b)(4) (2017), then the Veterans Court "would not have been permitted to reverse those findings of fact favorable to [him] which were made by the Board pursuant to its statutory authority." J.A. 96 (citing 38 U.S.C. § 7261(a)(4) (as amended by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, sec. 401, 116 Stat. 2820, 2832 (Dec. 6, 2002) (providing for the Veterans Court to reverse or set aside only findings of fact "adverse

Mr. Mattox's second argument before the Veterans Court was that the Board had violated the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b). According to Mr. Mattox, because the record (as it pertained to whether he had service-connected PTSD) contained one physical piece of evidence pointing each way (the contradictory opinions of his private doctor and the VA examiner), it stood numerically even on the issue of his condition. Under these circumstances, Mr. Mattox urged, the VA was required by law to give him the benefit of the doubt and concede that he suffered from service-connected PTSD. *Mattox*, 34 Vet. App. at 65–66.

The Veterans Court rejected both of Mr. Mattox's arguments. Addressing first his contention relating to defective notice, the court began by noting that, although Congress created a new adjudicatory system in the AMA, it did not eliminate the then-existing system—referred to as the "legacy" system. *Id.* at 68; *see* Pub. L. No. 115-55 sec. 6. The court explained that "Congress created a system in which some administrative appeals would be processed under the legacy system and others would be processed under the newly enacted AMA." *Mattox*, 34 Vet. App. at 68 (footnote omitted). In addition, the court pointed out that 38 C.F.R. § 3.2400(a) provides that the AMA applies to all claims "[f]or which VA issues notice of an initial decision on or after the effective date of the modernized review system" or "[w]here a claimant has elected review of a legacy claim under the modernized review system." *Id.* at 69 (quoting 38 C.F.R. § 3.2400(a) (2019)).

---

to the claimant"))). Second, he argued that the Board would have been bound by any findings of fact in his favor if he had filed a supplemental claim under the AMA. *Id.* (citing 38 U.S.C. §§ 5104A, 5108, 5110(a)(2)(E)).

Legacy claims are defined by both statute and regulation.  The AMA provides that a "legacy claim" is a claim:

(A) that was submitted to the Secretary of Veterans Affairs for a benefit under a law administered by the Secretary; and

(B) for which notice of a decision under section 5104 of title 38, United States Code, was provided by the Secretary before [February 19, 2019].

Pub. L. No. 115-55 sec. 6(2).  At the same time, 38 C.F.R. § 3.2400(b) provides that "[a] legacy claim is a claim, or request for reopening or revision of a finally adjudicated claim, for which VA provided notice of a decision prior to the effective date of the modernized review system and the claimant has not elected to participate in the modernized review system as provided in [38 C.F.R. § 3.2400(c)]."  It is somewhat unclear if Mr. Mattox was eligible to opt in to the AMA system.  In any event, it is undisputed that he did not do so.

The Veterans Court pointed out that what it characterized as "the initial decision that led to appellant's administrative appeal" was the December 28, 2015 RO decision that denied service connection for PTSD. *Mattox*, 34 Vet. App. at 69.  Because the RO's decision was prior to the AMA's February 19, 2019 effective date, the court held that the Board was not required to comply with the post-AMA notice requirements of § 5104(b) as Mr. Mattox's claim was a legacy appeal subject to the legacy appeals process, not the AMA appeals process. *Id.* at 70.  The court rejected Mr. Mattox's argument that the AMA applied to his claim because the Board issued its decision on his appeal on April 5, 2019, after February 19, 2019. *Id.* at 70–71.  The court stated that Mr. Mattox's position was "entirely at odds with § 3.2400's clear definition of which appeals are subject to the AMA." *Id.* at 70.  Having concluded that Mr. Mattox's claim was not subject to the AMA appeals process, the court expressly declined to reach the issue of whether

§ 5104(b) applies to Board decisions, as opposed to only initial determinations of an RO or another VA agency of original jurisdiction. *Id.* at 71. The court thus declined to find error in the Board's notice to Mr. Mattox regarding its April 5, 2019 decision.

The Veterans Court also rejected Mr. Mattox's argument with respect to the benefit-of-the-doubt rule. The court noted Mr. Mattox's contention that, because the evidence of record consisted of one medical opinion that found a diagnosis of service-connected PTSD and one that found no such diagnosis, the evidence was in equipoise and he was entitled to the benefit of the doubt. *Id.* at 74–75. The problem with this contention, the court stated, was that it "overlook[ed] that the Board assigned less probative weight to the PTSD diagnosis contained in the July 2015 DBQ" of Mr. Mattox's private doctor. *Id.* at 74. Referring to the benefit-of-the-doubt rule, the court stated: "The doctrine considers the *quality* of the evidence, not merely the *quantity*. Because the Board found that the preponderance of the evidence weighed against appellant's claim, it was not required to apply the benefit of the doubt doctrine." *Id.*

Having rejected both of Mr. Mattox's arguments, the Veterans Court affirmed the decision of the Board. This appeal followed.

DISCUSSION

I

Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292 (2002). Under that statute, we must affirm the decision of the Veterans Court unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C.

§ 7292(d)(1).  We have jurisdiction to review challenges to the "validity of any statute or regulation or any interpretation thereof," and to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  *Id.* § 7292(c).  We may only review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" if the appeal presents a constitutional issue.  *Id.* § 7292(d)(2).

As seen below, both issues addressed in this appeal present questions of statutory interpretation.  We therefore agree with the parties that we possess jurisdiction.

II

Mr. Mattox raises the same two arguments that he presented to the Veterans Court.  We consider them in turn.

First, Mr. Mattox maintains that "the Board erred when it failed to provide him with the notice required by [amended] § 5104(b) when it denied his legacy appeal."  Appellant's Br. 5.  According to Mr. Mattox, the language of § 5104 is "clear on its face."  *Id.*; *see id.* at 5–8.  That is, Mr. Mattox urges that the Board's April 5, 2019 decision was a "decision by the Secretary under" 38 U.S.C. § 511, as that term is used in § 5104(a).  Therefore, regardless of whether the appeal commenced as a "legacy" case, the Board was required to provide him with the enhanced notice requirements provided in amended § 5104(b).  *Id.* at 10–11.  Because § 5104 itself "contains nothing that would support that Congress intended there be disparate treatment of 'legacy' cases in contrast to cases that originated after the effective date of the AMA," Mr. Mattox argues, "[n]o interpretation is reasonable other than, after the effective date of th[e] statute, *every* decision made by the Secretary, which include[s] decisions of the Board, *shall include all* of the requirements specified in § 5104(b)."  *Id.* at 7.

The government urges us to affirm the Veterans Court decision, arguing that amended § 5104 does not apply to Mr. Mattox's case. Appellee's Br. 12. The government points to the AMA's "Applicability" provision, set forth at Pub. L. No. 115-55 sec. 2(x) noted above, and urges that amended § 5104(b) does not apply to Mr. Mattox's case because the December 2015 RO decision rendered it a "legacy" appeal. *Id.* at 13–14.

We see no error in the Veterans Court's determination as to the applicability of the AMA to Mr. Mattox's case. As the Veterans Court recognized and as the government emphasizes, Congress provided an express provision regarding the "Applicability" of the AMA in a note to 38 U.S.C. § 101, Pub. L. No. 115-55 sec. 2(x). According to that note, the AMA "shall apply to all claims for which notice of a decision under section 5104 of title 38, United States Code, is provided by the Secretary of Veterans Affairs," on or after February 19, 2019, the effective date of the AMA. Pub. L. No. 115-55 sec. 2(x); *see* VA Claims and Appeals Modernization, 84 Fed. Reg. 2449-01 (Feb. 7, 2019); *see also* 38 C.F.R. § 3.2400(a).

Congress did not, however, eliminate the previous system, but instead intended for that "legacy" system to operate concurrently with the AMA system. As the AMA's "Applicability" provision explains:

> With respect to legacy claims, upon the issuance to a claimant of a statement of the case or supplemental statement of the case occurring on or after [February 19, 2019], a claimant may elect to participate in the new appeals system.

Pub. L. No. 115-55 sec. 2(x)(5).

As seen, both the AMA, *see* Pub. L. No. 115-55 sec. 6(2), and the VA's regulation, *see* 38 C.F.R. § 3.2400(b), make clear that a legacy claim is one in which notice of *a* decision under § 5104 was provided by the Secretary before

February 19, 2019.  There is no dispute that Mr. Mattox received the RO decision that denied service connection for PTSD on December 28, 2015, thereby rendering his claim a legacy claim.  Mr. Mattox's claim does not fall within the AMA system because the initial decision on his claim issued in December of 2015, prior to February 19, 2019, and because he did not opt in to the AMA system.  Mr. Mattox argues, however, that he was entitled to receive enhanced notice under amended § 5104(b), even though his claim is a "legacy" claim.  We disagree.

Mr. Mattox's interpretation of § 5104(b) ignores the context and plain language of the AMA as a whole.  Significantly, "statutory interpretation is a holistic endeavor that requires consideration of a statutory scheme in its entirety." *Meeks v. West*, 216 F.3d 1363, 1366–67 (Fed. Cir. 2000) (citing *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 454–55 (1993)).  In addition, Mr. Mattox's interpretation would mean that a legacy claim is automatically converted into an AMA claim upon the issuance of a VA decision after February 19, 2019.  This would render irrelevant the framework set forth by Congress in which the legacy and AMA systems work concurrently, and in which a legacy claimant can, under certain circumstances, elect to participate in the AMA system.  *See, e.g.*, Pub. L. No. 115-55 sec. 3 (requiring comprehensive planning for the concurrent operation of the legacy and AMA systems); *id.* secs. 2(x)(5), 4 (providing procedures whereby legacy claimants can elect to participate in the AMA system instead of the legacy system); *cf. Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to 'give effect, if possible, to every clause and word of a statute.'" (quoting *United States v. Menasche*, 348 U.S. 528, 538–39 (1955))).

We therefore agree with the Veterans Court that the Board was not required to comply with the enhanced notice requirements of amended § 5104(b).[6]

### III

We turn now to the second issue Mr. Mattox raises on appeal. As he did before the Veterans Court, he contends that the Board misinterpreted the benefit-of-the-doubt doubt rule codified at 38 U.S.C. § 5107(b). Section 5107(b) provides that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." As noted, in its April 5, 2019 decision, the Board found that "the weight of the evidence" did not support Mr. Mattox's claim that he suffered from PTSD. J.A. 77. Specifically, the Board credited the observations and findings of the VA examiner on the question of Mr. Mattox's condition over those of Mr. Mattox's private doctor. *Id.* at 78–79. The Board concluded: "[T]he benefit of the doubt doctrine is inapplicable where, as here, the preponderance of the evidence is against the claim for service connection." *Id.* at 81–82.

Mr. Mattox argues that the Board's interpretation of the benefit-of-the-doubt rule, which the Veterans Court affirmed, was wrong. In his view, to determine whether the

---

[6]    As they did before the Veterans Court, the parties dispute whether the notice provisions of 38 U.S.C. § 5104 apply to Board decisions under any circumstances. Appellee's Br. 14–15; *see* Oral Arg. at 1:40–5:00; 9:05–9:55, 16:00–22:00, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-2175_11072022.mp3 (Nov. 7, 2022). Having concluded that the Board was not required to comply with the enhanced notice requirements of amended § 5104 because Mr. Mattox's claim is a legacy claim, we do not reach those arguments.

benefit-of-the-doubt standard has been met by a veteran, "VA adjudicators and the Board have two precise responsibilities." Appellant's Br. 25. The first responsibility, Mr. Mattox states, is to identify what evidence developed by the Secretary is "considered . . . to be positive, i.e., the evidence that supports an award of the benefit sought or the favorable resolution of an issue material to the determination of a matter." *Id.* The second responsibility, according to Mr. Mattox, is to identify what evidence is "considered . . . to be negative, i.e., the evidence that is adverse to an award of the benefit sought or the favorable resolution of an issue material to the determination of a matter." *Id.* Mr. Mattox states that, under this regime, "conclusions concerning the probative value of the evidence, the credibility of the evidence, or the weight of the evidence" have no place. *Id.* at 26. Mr. Mattox takes the position that VA adjudicators and the Board should only assess the evidence in terms of whether each item is "positive or negative." *Id.* Then, once this is done, they should simply determine whether, in the words of § 5107(b), "there is an approximate balance of positive and negative evidence." *Id.* Since, according to Mr. Mattox, the sole function of the Board vis-à-vis the evidence in his case was to weigh the positive and the negative evidence and then determine if they were in an approximate balance, it was wrong for the Board to assign probative weight to the evidence and to implement the "preponderance of the evidence" standard of proof, which is not mentioned in § 5107. *Id.* at 17, 19–20; Appellant's Reply Br. 9–11; Oral Arg. at 12:10–12:35 ("[T]hey must determine, in the language provided by Congress, whether or not that evidence is or is not in 'approximate balance.' And the flaw here is when you cross the line and misuse a concept like 'preponderance of evidence,' which is to say as they did in this decision, that we need not apply the benefit of the doubt.").

The government responds that the Veterans Court correctly rejected Mr. Mattox's reading of § 5107(b). The

government states that the statute "does *not* say that the VA is precluded from considering the persuasiveness of record evidence or that the VA may not assign each piece of evidence probative weight." Appellee's Br. 18. The government asserts that if Congress "had meant to impose such an unprecedented restriction on the VA's ability to consider record evidence, it would have said so." *Id.* at 18–19. In support of its position, the government points to our recent decision in *Lynch v. McDonough*, 21 F.4th 776, 781 (Fed. Cir. 2021) (en banc Part II.B), where we stated that "the benefit-of-the-doubt rule does not apply when a factfinder is *persuaded* by the evidence to make a particular finding." Appellee's Br. 20. In addition, at oral argument, the government argued that the benefit-of-the-doubt rule was inapplicable because, despite using the phrase "preponderance of the evidence," what the Board and the Veterans Court ultimately found was that the evidence was not "in approximate balance." Oral Arg. at 23:25–25:25 (noting the Veterans Court's statement that the evidence is "not in approximate balance" (citing *Mattox*, 34 Vet. App. at 74)).

We do not agree with Mr. Mattox that the Board and then the Veterans Court, in affirming the decision of the Board, committed reversible legal error.

For the benefit-of-the-doubt rule to apply, there must be "an approximate balance of positive and negative evidence" with respect to an "issue material" to a veteran's claim. 38 U.S.C. § 5107(b). Mr. Mattox states that the statute thus required the Board to identify the positive and negative evidence in the record regarding his claim. We agree, though the Board is not required to give a precise and comprehensive listing of positive and negative evidence. In any event, the Board did what Mr. Mattox says it was required to do. It identified the competing diagnoses of Mr. Mattox's doctor and the VA examiner, clearly recognizing that the former was positive evidence and that the latter was negative evidence. *See* J.A. 78–79.

Where we part company with Mr. Mattox is in the next step of his argument. According to Mr. Mattox, once the Board identified the positive and negative evidence regarding his claim, it had to place the evidence on the scale and then step aside and simply determine if there was "an approximate balance of positive and negative evidence." Critically, in Mr. Mattox's view, at this stage, the Board was not permitted to assess the quality of the evidence, Appellant's Br. 17, or "assign probative weight to the evidence . . . or . . . make credibility determinations regarding the evidence," Appellant's Reply Br. 10. Because the Board did examine the evidence and did assign probative weight to it, he says it erred.

Mr. Mattox's argument is incorrect as a matter of law. Not only has Mr. Mattox failed to point to any statute or regulation that prohibits the kind of analysis that the Board undertook here, but what he proposes is contrary to controlling authority. Most significantly, just recently, in the en banc portion of the court's opinion in *Lynch v. McDonough*, we made it clear that the benefit-of-the-doubt-rule analysis involves assigning probative value to evidence. We stated: "[E]vidence is not in 'approximate balance' . . . and therefore the benefit-of-the-doubt rule does not apply, when the evidence persuasively favors one side or the other." 21 F.4th at 781–82. It goes without saying that it cannot be determined whether "the evidence persuasively favors one side or the other" without assigning probative value to the evidence. Moreover, assigning probative value to evidence is something the Board regularly does. *See Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) ("We reaffirm that the evaluation and weighing of evidence are factual determinations committed to the discretion of the factfinder—in this case, the Board."); *Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("If the Board concludes that the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should

not be an absolute bar to the veteran's ability to prove his claim of entitlement to disability benefits based on that competent lay evidence."); *Baldwin v. West*, 13 Vet. App. 1, 8 (1999) (stating that, to comply with the requirement of 38 U.S.C. § 7104(d)(1) that the Board state its reasons or bases for its denial of a claim of clear-and-unmistakable error, "the Board must analyze the credibility and probative value of the evidence, [and] account for the evidence which it finds to be persuasive or unpersuasive"). In short, when conducting a benefit-of-the-doubt-rule analysis, as in other settings, the Board is required to assign probative value to the evidence. Thus, when the Board did that in Mr. Mattox's case it did not err. Mr. Mattox's claim to the contrary is without merit.

Finally, contrary to Mr. Mattox's argument, the Board did not apply the wrong standard of proof. In *Lynch v. McDonough*, we chose to "depart from" the "'preponderance of the evidence' language" set forth in *Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001), in the context of the benefit-of-the-doubt rule. *Lynch*, 21 F.4th at 781. We stated: "[T]he benefit-of-the-doubt rule simply applies if the competing evidence is in 'approximate balance,' which *Ortiz* correctly interpreted as evidence that is 'nearly equal.'" *Id.* As we have explained, in Mr. Mattox's case, the Board followed the proper approach of assigning probative value to the relevant evidence and determining whether "the evidence persuasively favor[ed] one side or the other." *See id.* at 781–82. The Board's erroneous reference to "a preponderance of the evidence" did not affect the correctness of its overall analysis. *See, e.g., SoClean, Inc. v. Sunset Healthcare Sols., Inc.*, 52 F.4th 1363, 1369–70 (Fed. Cir. 2022) (concluding that the district court's misstatement of the applicable standard of proof was harmless error when the court's use of the correct standard would not have changed the result).

CONCLUSION

For the foregoing reasons, the decision of the Veterans Court affirming the decision of the Board denying Mr. Mattox's claim of service connection for PTSD is affirmed.

**AFFIRMED**

COSTS

No costs.