NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT RESENDEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1819

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4910, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge Michael P. Allen.

---

Decided:  November 8, 2023

---

ROBERT RESENDEZ, San Antonio, TX, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, L. MISHA PREHEIM.

---

Before LOURIE, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

Robert Resendez appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. For the reasons discussed below, we affirm.

## BACKGROUND

Resendez filed an application with the Department of Veterans Affairs ("VA") seeking service connection for hearing loss, tinnitus, and a lumbar spinal condition. SAppx* 10–11. On March 13, 2019, a VA Regional Office ("RO") issued a rating decision granting Resendez entitlement to service connection for hearing loss and tinnitus but denying him service connection for the lumbar spinal condition. SAppx 14–18. In a letter dated March 18, 2019, the RO provided Resendez with notice of its rating decision as well as instructions regarding how to seek review of that decision. SAppx 19–26.

On May 21, 2019, Resendez submitted a notice of disagreement ("NOD") challenging the RO's March 2019 rating decision. SAppx 32–34. He asserted that he was entitled to a higher rating for his service-connected hearing loss and tinnitus and that he should have been granted service connection for his spinal condition. SAppx 33. Resendez submitted his NOD using a form from the VA's legacy claims system rather than a form from the administrative appeals system established pursuant to the Veterans Appeals Improvement and Modernization Act of 2017 ("AMA"), Pub. L. No. 115–55, 131 Stat. 1105. *See* SAppx 32–34.

---

\*    "SAppx" refers to the supplemental appendix filed with the government's informal brief.

On July 2, 2019, the VA notified Resendez that his NOD had been submitted on an incorrect form, explaining that the form he had submitted was for the VA's legacy system and that he should submit his request for review of the March 2019 rating decision using the proper form for the AMA system. SAppx 42–44. Two weeks later, Resendez submitted another legacy form challenging the March 2019 rating decision and asserting that he had never agreed to be part of the AMA appeals system. SAppx 45–47. On August 21, 2020, Resendez submitted another legacy form alleging that the VA had inappropriately rejected his challenge to the March 2019 rating decision and further asserting that the VA had rejected his request to revise that decision based on clear and unmistakable error ("CUE"). SAppx 49–55.

On November 3, 2020, a representative from the RO contacted Resendez by telephone and informed him that he needed to use the correct AMA form to contest the RO's March 2019 rating decision. SAppx 57. The representative also mailed Resendez the correct AMA form. SAppx 57.

On January 19, 2021, the VA received another legacy form from Resendez. SAppx 58–63. Two days later, an RO representative again called Resendez and informed him that he had submitted an "obsolete" form and that he needed to use the correct AMA form. SAppx 65. On January 22, 2021, and May 17, 2021, the RO sent letters to Resendez reiterating that he needed to use the correct AMA form to contest the March 2019 rating decision. SAppx 66–75. The RO included a copy of the correct AMA form with the May 2021 letter it sent to Resendez. SAppx 69.

In April 2022, Resendez submitted a legacy form challenging the March 2019 rating decision as well as the VA's alleged rejection of his motion to revise that rating decision on the basis of CUE. SAppx 76–83. On April 18, 2022, the VA again provided instructions to Resendez on

how to properly challenge a rating decision under the AMA. SAppx 87–89. In August 2022, Resendez filed a petition for a writ of mandamus in the Veterans Court, arguing that the VA had: (1) refused to process his appeal of the RO's March 2019 rating decision; (2) declined to adjudicate his motion to revise the March 2019 rating decision on the basis of CUE; and (3) "fraudulently" forced him to participate in the AMA system. SAppx 1 (citation omitted).

The Veterans Court issued an order denying Resendez's mandamus petition on November 1, 2022. SAppx 1–9. Resendez then appealed to this court.

## DISCUSSION

"This court's authority to review decisions of the Veterans Court is circumscribed by statute." *Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014). Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see Dixon*, 741 F.3d at 1373. These jurisdictional limits apply with full force in the context of an appeal of a Veterans Court decision denying a petition for a writ of mandamus. *See Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013).

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (citation and internal quotation marks omitted). A court may issue a writ of mandamus only if three prerequisites are met: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. *See id.* at 380–81; *Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022).

We conclude that the Veterans Court did not abuse its discretion or commit legal error in denying Resendez's petition for a writ of mandamus. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). We turn first to Resendez's argument that he is entitled to a writ of mandamus because the VA has improperly attempted to force him to participate in the AMA appeals system. "Congress enacted the AMA in 2017 to reform the existing VA administrative appeals system, which was, by all accounts, 'broken,' marked by lengthy delays, and plagued with a formidable backlog of cases." *Mil.-Veterans Advocacy v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1118 (Fed. Cir. 2021) (quoting H.R. Rep. No. 115–135, at 5 (2017)). By its plain terms, the AMA specifies that if a claimant receives notice of a VA rating decision after February 19, 2019, he must file any challenge to that decision through the AMA appeals system. *See* Pub. L. No. 115-55, § 2(x)(1), 131 Stat 1105, 1115 (2017); *see also Mattox v. McDonough*, 56 F.4th 1369, 1373 (Fed. Cir. 2023). Here, because Resendez received notice of the RO's rating decision in March 2019, he was required to use the AMA appeals process to seek review of that decision. *See* 38 C.F.R. § 3.2400(a); *see also id.* § 20.202(a) (explaining that a NOD "must be properly completed on a form prescribed by the Secretary"). Thus, as the Veterans Court correctly determined, Resendez was not entitled to a writ of mandamus prohibiting the VA from requiring him to use the AMA system to challenge the RO's March 2019 rating decision. *See* SAppx 4–6.

Resendez further contends that he is entitled to a writ of mandamus because the VA has improperly failed to process his claim that the RO's March 2019 rating decision contains CUE. Pet. Inf. Reply Br. 2–4, 7. As a preliminary matter, we note that the Veterans Court made a factual determination that Resendez had never "submitted a motion to revise the March 2019 rating decision based on CUE." SAppx 8. As noted previously, we lack jurisdiction

to review factual determinations made by the Veterans Court.

We note, moreover, that the party seeking a writ of mandamus must have no other adequate means to obtain the relief he seeks. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (explaining that a writ of mandamus may not be used as a substitute for an appeal). Because he presents no evidence showing that he cannot adequately protect his rights by challenging the RO's March 2019 rating decision through the VA's normal appeals process, Resendez fails to show that the Veterans Court erred in denying his petition for a writ of mandamus.

On appeal, Resendez appears to allege that he was denied due process because the Veterans Court did not grant full panel review of the single judge decision denying his petition for a writ of mandamus. *See* Pet. Inf. Reply Br. 5–6; Pet. Inf. Br. 1–2. Because he provides no meaningful explanation of how the denial of full panel review deprived him of notice and a fair opportunity to be heard, however, Resendez fails to show that his due process rights have been violated. *See Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009) ("Due process of law has been interpreted to include notice and a fair opportunity to be heard."). We have considered Resendez's remaining arguments but do not find them persuasive.

CONCLUSION

Accordingly, the order of the United States Court of Appeals for Veterans Claims is affirmed.

**AFFIRMED**