NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGELIO G. HARO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1844

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5359, Judge Joseph L. Falvey, Jr.

---

Decided:  December 13, 2023

---

ROGELIO G. HARO, San Antonio, TX, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH A. BYNUM, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges*.

PER CURIAM.

Rogelio Haro appeals pro se a decision of the United States Court of Appeals for Veterans Claims denying his petition for a writ of mandamus. We affirm.

## BACKGROUND

Mr. Haro served in the United States Marine Corps from August 1987 to January 2012. Appx23.[1] Mr. Haro subsequently requested disability benefits for various conditions and received, relevant here, two rating decisions issued respectively in August 2012 and September 2018. Appx23–24.

In early 2022, Mr. Haro requested that the United States Department of Veterans Affairs ("VA") revise the 2012 and 2018 rating decisions based on alleged "clear and unmistakable error" ("CUE"). Appx12. In a May 2022 rating decision, the VA regional office addressed Mr. Haro's request and denied his claims for increased disability benefits. Appx23–32. Along with a notice of the decision, the VA explained to Mr. Haro several options for seeking further review and identified the applicable form to use for each option. Appx36; Appx44–45. In particular, Mr. Haro was advised of VA Form 10182, the correct form for appeals to the Board of Veterans' Appeals ("Board"). Appx36; Appx44.

In June 2022, Mr. Haro sought to appeal to the Board and submitted a VA Form 9. Appx56. In July 2022, the VA notified Mr. Haro that he used an incorrect form and again directed him to the correct forms to use for the

---

[1] "Appx" refers to the appendix attached to Respondent's Informal Brief.

various review options. Appx70–71. Mr. Haro did not re-file his appeal using the correct form.

Two months later, in September 2022, Mr. Haro petitioned for a writ of mandamus from the United States Court of Appeals for Veterans Claims ("Veterans Court"). Appx1. Mr. Haro alleged that the VA refused to process his CUE claims challenging the 2012 and 2018 rating decisions. *Id.* Mr. Haro further claimed that the VA would not act on his request unless he used the correct form, which he alleged required him to involuntarily participate in the system established by the Veterans Appeals Improvement and Modernization Act ("AMA"). *Id.*

The Veterans Court denied Mr. Haro's petition because it failed to meet the requirements for the extradentary relief of mandamus. Appx2–3; Appx73. The Veterans Court explained that the VA's May 2022 decision adjudicated Mr. Haro's CUE claims and that alternative means remained available for him to pursue review of that decision. Appx2. The Veterans Court determined that the VA's direction for Mr. Haro to use the correct AMA form was proper and adhered to the pertinent regulations. *Id.* Mr. Haro subsequently sought a full court review, which the Veterans Court denied. Appx73.

This appeal followed.

## STANDARD OF REVIEW

Our review of the Veterans Court's decisions is limited by statute. *See* 38 U.S.C. § 7292(d)(1). We have jurisdiction to decide questions of law, including "interpreting constitutional and statutory provisions." *Id.* Absent a constitutional issue, we may not review challenges to factual determinations, or challenges to "a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Under the All Writs Act, a petitioner may seek a writ of mandamus from the Veterans Court. 28 U.S.C. § 1651. We review the Veterans Court's denial of a petition for writ

of mandamus for abuse of discretion. *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A writ of mandamus is an extraordinary and drastic form of relief. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). A petitioner seeking a writ must show that he has no other adequate means to seek the desired relief. *Id.* This requirement serves to ensure the writ is not used to substitute for the regular appeal procedures. *Id.* The petitioner must also demonstrate that he has a clear right to the writ and that such relief is proper under the circumstances. *Id.* at 381; *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013).

## DISCUSSION

The core issue on appeal is whether the Veterans Court abused its discretion when it denied Mr. Haro's petition for a writ of mandamus. Appellant Br. 1–2; Reply Br. 2–3. We conclude that the Veterans Court did not abuse its discretion in denying Mr. Haro's petition.

The Veterans Court correctly determined that the circumstances did not warrant issuing a writ. This case ultimately arises from Mr. Haro's disagreement with the VA's adjudication of his CUE claims in the May 2022 rating decision. When the VA notified Mr. Haro of its decision, it explained the available avenues of further review if he disagreed with that decision. Appx36; Appx44–45. The VA identified each review option and the corresponding form to use. *See, e.g.*, Appx36. After Mr. Haro sought to appeal to the Board using an incorrect form, the VA notified him of his error. Appx56; Appx70–71. The VA again directed him to the correct form(s) and additional resources for assistance. Appx70–71. As the Veterans Court noted, to challenge the VA's decision, Mr. Haro could appeal to the Board or pursue the other review avenues by completing one of the forms the VA identified for him. Appx2. We discern no abuse of discretion in the Veterans Court's

determination that Mr. Haro failed to establish a "lack of adequate alternative means to seek his desired relief." *Id.*

Additionally, we reject Mr. Haro's allegation that the VA improperly attempted to force him to participate in the AMA system. Congress enacted the AMA to reform the previous VA administrative appeals system, the legacy system, so that it better serves the veteran community. *See, e.g., Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1118 (Fed. Cir. 2021). Central to the AMA reforms, Congress provided veteran claimants three procedural lanes to obtain further review of their claims, as opposed to one single pathway available under the legacy system. *Id.* at 1119. If a claimant received a notice of the VA's rating decision before the AMA became effective on February 19, 2019, the claimant may opt to participate in the new AMA system. *Mattox v. McDonough*, 56 F.4th 1369, 1375 (Fed. Cir. 2023). But for "all claims," "requests for reopening," and "requests for revision" based on CUE, if the VA issues notice of its initial decision on or after February 19, 2019, "[t]he modernized review system [under the AMA] applies." 38 C.F.R. § 3.2400(a).

Here, Mr. Haro submitted his CUE revision request in early 2022 and the VA notified Mr. Haro of its rating decision addressing his request in May 2022, well after the AMA became effective in 2019. By plain text of the regulation, review of the May 2022 decision must be processed through the AMA system, which in turn requires submission of the correct forms. *Id.* The VA, on at least two occasions, provided Mr. Haro detailed guidance and instructions on the available review channels, what forms to use, and where to download the forms. *See, e.g.*, Appx36; Appx70–71. The Veterans Court's determination that Mr. Haro was required to use the correct appeal form was not improper. Appx2 (citing 38 C.F.R. § 3.2400); *see also Resendez v. McDonough*, No. 2023-1819, 2023 WL 7381454, at *2 (Fed. Cir. Nov. 8, 2023).

Under these circumstances, we conclude that the Veterans Court did not abuse its discretion in denying Mr. Haro's petition for a writ of mandamus. We reject Mr. Haro's attempt to use the writ as a substitute for the appeal processes mandated by Congress and prescribed under the governing regulations. *See Beasley*, 709 F.3d at 1159.

We note that Mr. Haro's informal brief also references the Board's adjudication of his CUE claims and regulatory provisions regarding CUE. *See, e.g.*, Appellant Br. 2; Reply Br. 6–7. To the extent Mr. Haro intended to raise an issue as to the merits of his CUE claims, we lack jurisdiction to entertain such a contention because it rests on factual determinations and the application of law to facts. 38 U.S.C. § 7292(d)(2); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007). Furthermore, such a contention was never properly presented to the Board or to the Veterans Court. It is thus not properly before this court. *See* 38 U.S.C. §§ 7252(a), 7292(a).

## CONCLUSION

We have considered Mr. Haro's remaining arguments and find them unpersuasive. Accordingly, we affirm the Veterans Court's denial of Mr. Haro's petition for a writ of mandamus.

**AFFIRMED**

### COSTS

No costs.