# United States Court of Appeals for the Federal Circuit

---

**JOE A. LYNCH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2067

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3106, Senior Judge Mary J. Schoelen.

---

Decided:  December 17, 2021

---

MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, argued for claimant-appellant.  Also represented by KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS; ADAM R. LUCK, Gloverluck, LLP, Dallas, TX.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for amicus curiae Military-Veterans Advocacy Inc. Also represented by Melanie Hallums, Wheeling, WV; JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA.

STANLEY JOSEPH PANIKOWSKI, III, DLA Piper LLP (US), San Diego, CA, for amici curiae Swords to Plowshares, Connecticut Veterans Legal Center. Also represented by EDWARD HANOVER, East Palo Alto, CA; JESSE MEDLONG, San Francisco, CA.

————————————

Before DYK, CLEVENGER, and PROST, *Circuit Judges*.

MOORE, *Chief Judge*, LOURIE, DYK, PROST, TARANTO, CHEN, HUGHES, STOLL, and CUNNINGHAM, *Circuit Judges*, have joined Part II.B of this opinion.

Opinion concurring in part and dissenting in part from Part II.B filed by *Circuit Judge* REYNA, in which *Circuit Judges* NEWMAN and O'MALLEY join.

PROST, *Circuit Judge*.

Joe A. Lynch appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for a disability rating greater than 30% for service-connected post-traumatic stress disorder ("PTSD"). *Lynch v. Wilkie*, No. 19-3106, 2020 WL 1899169 (Vet. App. Apr. 17, 2020) ("*Decision*"). In affirming the Board's denial, the Veterans Court relied on *Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001), to determine that the "benefit of the doubt rule" under 38 U.S.C. § 5107(b) did not apply to Mr. Lynch's claim. Mr. Lynch argues that *Ortiz* departs from the "approximate balance"

of the evidence standard, as set forth in 38 U.S.C. § 5107(b), to trigger the benefit-of-the-doubt rule, and that *Ortiz* was therefore wrongly decided. Today's opinion, considered and decided in part by the court en banc, addresses *Ortiz*.

## BACKGROUND

Mr. Lynch is a veteran who served on active duty in the United States Marine Corps from July 1972 to July 1976. In March 2015, Mr. Lynch presented for counseling upon the recommendation of his veteran peer group and was evaluated on two separate occasions by Dr. Gwendolyn Newsome, a private psychologist. Mr. Lynch described symptoms, including phobias about confined spaces, panic attacks, memory problems, mood swings, frequent nightmares, antisocial behaviors, and depression. J.A. 25–26. He attributed these symptoms to intrusive memories from his time in service and completed the military version of the PTSD Checklist. J.A. 25–26. Dr. Newsome reported that Mr. Lynch's symptoms and the results of the PTSD Checklist supported a diagnosis of PTSD. J.A. 25–26.

In March 2016, Mr. Lynch filed a claim of entitlement to PTSD, accompanied by Dr. Newsome's report, with the Department of Veterans Affairs ("VA"). In August 2016, Mr. Lynch underwent a VA PTSD examination. The VA examiner confirmed the diagnosis of PTSD but reported that Mr. Lynch's PTSD did not result in symptoms that were severe enough to interfere with occupational or social functioning or to require continuous medication. J.A. 18, 39. The examiner reviewed Dr. Newsome's report but noted that the level of impairment observed by Dr. Newsome was not observed or reported during the VA examination. J.A. 39, 44. The relevant regional office ("RO") of the VA subsequently granted Mr. Lynch's PTSD claim with a 30% disability rating.

In October 2016, Mr. Lynch filed a Notice of Disagreement with the RO disputing the 30% disability rating. In

support, Mr. Lynch submitted two additional psychological evaluations conducted by a private psychiatrist, Dr. H. Jabbour. *See* J.A. 49, 58. In July 2017, Mr. Lynch underwent a second VA PTSD examination. The examiner documented Mr. Lynch's symptomatology and addressed the conflicting medical opinions regarding the severity of Mr. Lynch's symptoms, noting, for example, that some of Dr. Jabbour's conclusions "were more extreme than what was supported by available evidence." J.A. 60. In August 2017, the RO continued Mr. Lynch's 30% disability rating.

Mr. Lynch appealed to the Board, arguing that the RO assigned too low a rating for his PTSD because his symptoms are worse than those contemplated by the assigned 30% rating. The Board denied Mr. Lynch's appeal, finding that based on the record—including the evaluations conducted by Dr. Newsome, Dr. Jabbour, and the two VA examiners—"[Mr. Lynch] does not have social and occupational impairment manifested by reduced reliability and productivity" that would warrant a disability rating greater than 30% for PTSD. *See* J.A. 20. The Board noted that "[Mr. Lynch's] private examiners have described more severe impairment than that identified by the VA examiners; however, those findings are not supported by the subjective symptoms provided by [Mr. Lynch]." J.A. 21. The Board concluded that "the preponderance of the evidence is against the claim and entitlement" for a disability rating greater than 30% for PTSD. J.A. 21.

Mr. Lynch then appealed the Board's decision to the Veterans Court, arguing in relevant part that the Board misapplied 38 U.S.C. § 5107(b) and wrongly found that he was not entitled to the "benefit of the doubt." *See Decision*, 2020 WL 1899169, at *3. The benefit-of-the-doubt rule is codified at 38 U.S.C. § 5107, which provides:

> The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws

administered by the Secretary.  When there is an *approximate balance* of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C. § 5107(b) (emphasis added).  The implementing regulation in turn provides:

When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant.  By reasonable doubt is meant one which exists because of an *approximate balance* of positive and negative evidence which does not satisfactorily prove or disprove the claim.

38 C.F.R. § 3.102 (emphasis added).

The Veterans Court rejected Mr. Lynch's assertion that he was entitled to the benefit of the doubt and affirmed the Board's decision, reasoning that "the doctrine of reasonable doubt . . . d[oes] not apply here because the preponderance of the evidence is against the claim." *Decision*, 2020 WL 1899169, at *5 (internal quotation marks omitted).  In support of its reasoning, the Veterans Court relied on *Ortiz*, which stated that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant."  274 F.3d at 1364.  Mr. Lynch now appeals the Veterans Court's decision.

DISCUSSION

I

We have limited jurisdiction to review decisions by the Veterans Court.  Under 38 U.S.C. § 7292(d)(2), except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to

the facts of a particular case." But we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). And "we have authority to decide whether the Veterans Court applied the correct legal standard." *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008). We review the Veterans Court's legal determinations de novo. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017).

II

Mr. Lynch raises two issues on appeal. He argues that *Ortiz* was wrongly decided because it sets forth an "equipoise of the evidence" standard to trigger the benefit-of-the-doubt rule and that this decreased his chance of receiving a disability rating greater than 30% for PTSD. *See* Appellant's Br. 12–13. According to Mr. Lynch, *Ortiz* read the modifier "approximate" out of the term "approximate balance" set forth in 38 U.S.C. § 5107(b) by requiring an equal or even balance of the evidence to give the benefit of the doubt to the claimant. *See* Appellant's Br. 16–19. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

Mr. Lynch's argument is two-pronged. First, he suggests that *Ortiz* expressly requires equipoise of the evidence for a claimant to receive the benefit of the doubt. Second, he contends that *Ortiz*'s statement that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant," 274 F.3d at 1364, is contrary to the statutory "approximate balance" standard.

A

Contrary to Mr. Lynch's suggestion that *Ortiz* sets forth an equipoise-of-the-evidence standard to trigger the benefit-of-the-doubt rule, *Ortiz* explicitly gives force to the modifier "approximate" as used in 38 U.S.C. § 5107(b).

*Ortiz* found § 5107(b) to be "clear and unambiguous on its face" and recited dictionary definitions of the words "approximate" and "balance" in concluding that under the statute "evidence is in approximate balance when the evidence in favor of and opposing the veteran's claim is found to be almost exactly or nearly equal." 274 F.3d at 1364 (cleaned up). Thus, *Ortiz* necessarily requires that the benefit-of-the-doubt rule may be triggered in situations other than equipoise of the evidence—specifically, situations where the evidence is "nearly equal,"[1] i.e., an "approximate balance" of the positive and negative evidence as set forth in § 5107(b) and 38 C.F.R. § 3.102. *Ortiz*, 274 F.3d at 1364–65; *see also Best Power Tech. Sales Corp. v. Austin*, 984 F.2d 1172, 1177 (Fed. Cir. 1993) ("It is a basic principle of statutory interpretation . . . that undefined terms in a statute are deemed to have their ordinarily understood meaning. For that meaning, we look to the dictionary." (first citing *United States v. James*, 478 U.S. 597, 604 (1986); and then citing *Bd. of Educ. v. Mergens*, 496 U.S. 226, 237 (1990))).

Mr. Lynch further suggests that, post-*Ortiz*, this court has "interpreted the benefit-of-the-doubt rule as setting forth an absolute equality-of-the-evidence or equipoise-of-the-evidence standard." Reply Br. 3 (citing *Skoczen v. Shinseki*, 564 F.3d 1319, 1324 (Fed. Cir. 2009)). Mr. Lynch is mistaken. *Skoczen* interpreted 38 U.S.C. § 5107(a), not 38 U.S.C. § 5107(b), and merely referred to the § 5107(b) standard in passing dicta. *Skoczen*, 564 F.3d at 1324. Accordingly, *Skoczen* does nothing to disturb *Ortiz*.

---

[1]    Although *Ortiz* also uses the words "too close to call" and a "tie goes to the runner" analogy in discussing the term "approximate balance," the case makes clear that it goes further than mere ties—"nearly equal" evidence triggers the benefit-of-the-doubt rule. 274 F.3d at 1364–65.

Amicus curiae Military-Veterans Advocacy Inc. ("MVA") argues that in certain decisions citing *Ortiz*, the Veterans Court has articulated an equipoise-of-the-evidence threshold for giving the veteran the benefit of the doubt. *See* MVA Br. 8. In isolated cases, that may be so. *See, e.g.*, *Chotta v. Peake*, 22 Vet. App. 80, 86 (2008) (stating that "[if] the evidence is not in equipoise . . . the benefit of the doubt rule would not apply"). The Veterans Court's recitation in *Chotta* of the standard is incorrect.[2]

So, let us be clear. Under § 5107(b) and *Ortiz*, a claimant is to receive the benefit of the doubt when there is an "approximate balance" of positive and negative evidence, which *Ortiz* interpreted as "nearly equal" evidence. This interpretation necessarily includes scenarios where the evidence is not in equipoise but nevertheless is in approximate balance. Put differently, if the positive and negative evidence is in approximate balance (which includes but is not limited to equipoise), the claimant receives the benefit of the doubt.

B[3]

As to whether *Ortiz* correctly concluded that the benefit-of-the-doubt rule does not apply when "the preponderance of the evidence is found to be against the claimant," 274 F.3d at 1364, Mr. Lynch argues that *Ortiz* was wrongly decided because "the totality of the . . . evidence can both

---

[2]    This misstep in *Chotta* does not appear to have negatively affected that veteran's case. *See* 22 Vet. App. at 86 (vacating and remanding on the basis that the Board failed to consider certain lay evidence of record).

[3]    The earlier opinion in this case, reported at 999 F.3d 1391 (Fed. Cir. 2021), is withdrawn, and this opinion substituted therefor. Part II.B of this opinion has been considered and decided by the court en banc. *See* Order in this case issued this date.

preponderate in one direction and be nearly or approximately in balance," Reply Br. 3.  Mr. Lynch contends that "these two standards cannot co-exist" and that therefore *Ortiz* eliminates any meaning of the word "approximate" in § 5107(b).  Reply Br. 3.  *Ortiz* rejected such reasoning, stating that "if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' . . . and the benefit of the doubt rule therefore has no application."  274 F.3d at 1365.  On that basis, the panel ruled on this issue that it was bound by *Ortiz*.

*Ortiz* correctly established that the benefit-of-the-doubt rule does not apply when a factfinder is *persuaded* by the evidence to make a particular finding.  *See* 274 F.3d at 1365–66.  And *Ortiz* made clear that, under its formulation, a finding by "the preponderance of the evidence" reflects that the Board "has been persuaded" to find in one direction or the other.  274 F.3d at 1366.  But *Ortiz*'s preponderance-of-the-evidence formulation—while correctly viewing the issue as one of *persuasion*—nonetheless could confuse because other cases link "preponderance of the evidence" to the concept of equipoise.  *E.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (stating that preponderance-of-the-evidence burden matters "only in a narrow class of cases where the evidence is in equipoise"); *see also Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1963 (2021).  Accordingly, to eliminate the potential for confusion going forward, we depart from *Ortiz*'s "preponderance of the evidence" language and determine that the benefit-of-the-doubt rule simply applies if the competing evidence is in "approximate balance," which *Ortiz* correctly interpreted as evidence that is "nearly equal."[4]

---

[4]    The dissent characterizes the majority opinion as reinstituting the preponderance of the evidence standard under a different linguistic formulation.  Dissent

As a corollary, evidence is not in "approximate balance" or "nearly equal," and therefore the benefit-of-the-doubt rule does not apply, when the evidence persuasively favors one side or the other. To be clear, *Ortiz* (and the instant case) were not wrongly decided.[5] In the instant case, for example, the Board made extensive findings that show it was *persuaded* that Mr. Lynch was not entitled to a disability rating greater than 30% for PTSD. *See, e.g.*, J.A. 20–21. And the Veterans Court made plain that the evidence was quite clearly against the veteran, not in approximate balance.[6]

## CONCLUSION

We have considered Mr. Lynch's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

---

at 1–2. That is not a correct characterization of the majority opinion.

[5]    Indeed, we are not aware of any case that improperly applied Ortiz in an outcome-determinative manner.

[6]    Today's change in our construction of § 5107(b) does not provide grounds for claims of clear and unmistakable error ("CUE") for prior Board decisions. CUE "does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation." 38 C.F.R. § 20.1403(e); *see also George v. McDonough*, 991 F.3d 1227, 1234 (Fed. Cir. 2021) ("CUE must be analyzed based on the law as it was *understood at the time* of the original decision and cannot arise from a subsequent change in the law or interpretation thereof.").

LYNCH v. MCDONOUGH                                                    11

COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

---

**JOE A. LYNCH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2067

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-3106, Senior Judge Mary J. Schoelen.

---

REYNA, *Circuit Judge*, with whom NEWMAN and O'MALLEY, *Circuit Judges*, join, concurring-in-part and dissenting-in-part from Part II.B.

Today the court takes en banc action directed to this court's precedent articulated in *Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001). The purpose of the en banc action is to "clarify" the court's holding in *Ortiz*. The result is that the court departs from its holding in *Ortiz* and sets a new analytical standard for applying the benefit-of-the-doubt rule under 38 U.S.C. § 5107. I agree with the court's decision to reject the preponderance of evidence standard set in *Ortiz*. I cannot, however, agree with the court's installment of a "persuasion of evidence standard," and the

refusal to overturn *Ortiz* in its entirety.  For the reasons stated below, I concur-in-part and dissent-in-part from the decision of the court.

The majority rejects the preponderance of the evidence rule established in *Ortiz*.  Maj. Op. 9.  I agree that our holding in *Ortiz* required fixing.  This is because *Ortiz* carries the potential for withholding benefits from veterans to which they are otherwise entitled.  By providing clarification, the court recognizes the remedial nature of veterans' benefits law, as intended by Congress—including through its statutory expression of the veterans' benefit-of-the-doubt rule.  Today's opinion, therefore, is a step in the right direction, and I am pleased to take that step with my colleagues.

I dissent, however, from the court's refusal to recognize that *Ortiz* was wrongly decided.  In *Ortiz*, the court held that the benefit-of-the-doubt rule does not apply in cases where the Board of Veterans' Appeals finds that a preponderance of the evidence is against the veteran's claim. *Ortiz*, 274 F.3d at 1365–66.  The court reached this holding after determining that the statute required no interpretation and upon consulting dictionaries to construe the meaning of "approximate" and "balance."   *Id.* at 1364–65.  Today's en banc decision acknowledges that the preponderance of the evidence formulation carries potential confusion.  As a result, "to eliminate the potential for confusion going forward," the majority "depart[s] from *Ortiz*'s 'preponderance of the evidence' language."  Maj. Op. 9.  This means two things.  First, the "preponderance of the evidence" standard is repealed and replaced with a "persuasive evidence" standard.  *Id.* at 9–10.   Second, the analytical structure underpinning the preponderant evidence rule in *Ortiz* not only remains, but now girds the persuasive evidence standard.  Not only is the persuasive evidence standard, like the preponderance rule, not contemplated by the statute, but its analytical framework has as provenance the now-estranged *Ortiz*'s preponderant

evidence rule.  This result is a far cry from the language contemplated by Congress.  Accordingly, I dissent from the court's adoption of the persuasive evidence standard.

As the court maintains *Ortiz*'s analytical framework, we must be vigilant against the possibility that "close cases" may evade review.  Where the evidence is close, but the Department of Veterans Affairs (VA) ultimately determines that the evidence "persuasively" forecloses a veteran's claim, the VA can make its determination without explaining that the case was in fact a close call.  Put differently, if the VA internally recognizes the evidence is close but finds in the end that the evidence "persuasively" precludes the veteran's claim, the VA does not need to disclose that the evidence may have been "close."  There is no requirement to do so, and the majority opinion does nothing to change this.  This shields such determinations from meaningful appellate review under § 5107(b).  This outcome disincentivizes the agency from fulfilling its duty to provide an adequate administrative record in certain cases and thus hinders appellate review.  *See In re Sang Su Lee*, 277 F.3d 1338, 1342 (Fed. Cir. 2002) ("For judicial review to be meaningfully achieved . . . , the agency tribunal must present a full and reasoned explanation of its decision.  The agency tribunal must set forth its findings and the grounds thereof, as supported by the agency record, and explain its application of the law to the found facts.").  In my view, the VA should be motivated, if not required, to include a statement and explanation in cases where it concludes the evidence is not in approximate balance but thought the case a close call.  I would favor such a requirement to ensure that the question of whether the evidence is in approximate balance under § 5107(b) is meaningfully subject to appellate review in all cases.

In sum, I concur-in-part and dissent-in-part with the majority decision.  I agree with the decision to repeal the preponderance of evidence rule adopted in *Ortiz*.  But I disagree with the decision not to overturn *Ortiz* in its entirety.

4                                          LYNCH v. MCDONOUGH

I also disagree with the new rule the majority has minted, the persuasion of evidence rule, for use in applying the benefit-of-the-doubt provision set out in 38 U.S.C. § 5107.

The words of the statute are no mystery. They are plain and have common meaning and require no further definition. The imperative nature of the statute is also clear. In any issue material to the veteran's claim, the benefit of the doubt shall go to the veteran.

(b)  Benefit of the Doubt.—

The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C. § 5107(b).