NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETTY SPENCE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1105

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4761, Judge William S. Greenberg.

---

Decided:  April 21, 2023

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of

General Counsel, United States Department of Veterans
Affairs, Washington, DC.

_____

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Mrs. Betty Spence appeals a decision of the United
States Court of Appeals for Veterans Claims (Veterans
Court) affirming a decision of the Board of Veterans' Ap-
peals (Board) denying an earlier effective date for her de-
ceased husband's service-connected coronary artery
disease (CAD) disability compensation award. *Spence v.
McDonough*, No. 18-4761, 2021 WL 1204116 at *3 (Vet.
App. Mar. 31, 2021) (*Veterans Court Decision*). Because the
Veterans Court failed to address an argument raised by
Mrs. Spence, we *vacate* and *remand.*

BACKGROUND

I

A *Nehmer* class member is a "Vietnam veteran who has
a covered herbicide disease" listed in 38 C.F.R. § 3.309(e)
(2022). 38 C.F.R. § 3.816(b)(1) (2021). Section 3.816(c) out-
lines special rules for calculating the effective date of a dis-
ability compensation award for *Nehmer* class members.
Relevant here, if a "class member's claim for disability com-
pensation for the covered herbicide disease was [] pending
before [the Department of Veterans Affairs (VA)] on May
3, 1989 . . . the effective date of the award will be the later
of the date such claim was received by VA or the date the
disability arose." *Id.* § 3.816(c)(2). A claim "will be consid-
ered a claim for compensation for a particular covered
herbicide disease if . . . [t]he claimant's application and
other supporting statements and submissions may reason-
ably be viewed . . . as indicating an intent to apply for com-
pensation for the covered herbicide disability." *Id.*
§ 3.816(c)(2)(i).

## II

Mrs. Spence's deceased husband, Mr. Robert Spence, served on active duty in the U.S. Army from the late 1960s to the early 1970s with service in Vietnam. J.A. 28–29. In October 1984, Mr. Spence filed claims for several alleged, service-connected conditions—including PTSD and CAD—and requested to reopen a previously denied claim for hearing loss. In April 1985, VA denied Mr. Spence's new claims. J.A. 19–20. In August 1985, VA granted Mr. Spence's reopened hearing loss claim at a 0% disability rating. J.A. 21–22. There is no dispute that the April 1985 CAD decision was sent to both Mr. Spence and his representative, but the August 1985 hearing loss decision was sent only to Mr. Spence. *See* Appellant's Br. 11; Appellee's Br. 4; *compare* J.A. 18, *with* J.A. 23. Mr. Spence did not appeal either decision.

On May 24, 1996, Mr. Spence requested VA reopen his October 1984 claim for PTSD, J.A. 24, and VA subsequently granted a 30% disability rating, J.A. 25. Mr. Spence passed away on March 12, 2010. In April 2010, Mrs. Spence requested dependency and indemnity compensation. After reviewing Mr. Spence's record and determining he was a *Nehmer* class member, VA granted service-connection for CAD from May 24, 1996—i.e., the date Mr. Spence requested VA reopen his claim for PTSD—to his death on March 12, 2010. J.A. 29.

Mrs. Spence appealed the May 24, 1996 effective date to the Board and argued a claim for CAD remained pending since October 1984. J.A. 80. The Board disagreed and affirmed the effective date, finding the CAD claim was denied in April 1985 and made final. J.A. 38.

Mrs. Spence appealed to the Veterans Court arguing an earlier effective date for the CAD claim based on an allegedly pending hearing loss claim. She argued Mr. Spence's October 1984 hearing loss claim remained pending because notice of the August 1985 hearing loss

decision was not sent to Mr. Spence's then-representative as required by 38 C.F.R. § 1.525(d), and under the special effective date rules for *Nehmer* class members, that pending hearing loss claim could also be construed as a claim for CAD and thus provide an earlier effective date for the condition. J.A. 68–72.

To support her argument, Mrs. Spence cited the VA's *Nehmer* training guide, which states:

> [I]t is a rule that if, at the time of a prior decision on *any compensation claim*, VA had medical evidence containing a diagnosis of a now-covered condition (e.g., [ischemic heart disease, which includes CAD]), then the condition is considered to have been part of the previously denied claim.

Veterans Benefits Admin., U.S. Dep't of Veterans Affairs, Nehmer *Training Guide* 19 (2011) (emphasis added) (citing *Nehmer v. U.S. Veterans Admin.*, No. CV-86-6160, 1991 U.S. Dist. LEXIS 22110, at *4 n.1 (N.D. Cal. May 17, 1991)).[1]    Mrs. Spence argued that her husband's 1984

---

[1]    This appears to be how the special effective date rules for *Nehmer* class members are applied in practice. *See Stanley v. McDonald*, No. 14-1328, 2015 WL 1757661, at *3, *4–5 (Vet. App. Apr. 20, 2015) (remanding to the Board because the Board failed to address whether the veteran was "entitled to an earlier effective date for service connection for [CAD] pursuant to *Nehmer*" when VA possessed evidence of his CAD diagnosis before a decision issued on a non-covered condition); *Wilber v. McDonough*, No. 20-6623, 2021 WL 6123378, at *4 (Vet. App. Dec. 28, 2021) (remanding to the Board to consider "the appellant's argument for an earlier effective date under [*Nehmer*] [that] rests on the premise that VA received medical records documenting a diagnosis of carotid stenosis prior to its April 2015 rating decision").

hearing loss claim could be construed as a claim for CAD under *Nehmer* because there is no doubt that VA possessed evidence of Mr. Spence's CAD diagnosis during the (very long) pendency of the hearing loss claim.  J.A. 71–72.

The Veterans Court affirmed.  It interpreted Mrs. Spence to have argued the August 1985 hearing loss decision "constituted a new decision[] denying service connection for a cardiovascular disability" and found "this simply [was] not true." *Veterans Court Decision*, 2021 WL 1204116, at *2.  The Veterans Court held "the August 1985 decision listing CAD did not constitute a denial of the veteran's CAD claim," but it never considered Mrs. Spence's argument as to whether the August 1985 decision ever became final under 38 C.F.R. § 1.525(d).  *Id.* at *3.  Rather, it appears the court *assumed* the August 1985 decision was final, and then explained why neither the April 1985 decision nor the August 1985 decision could assist in providing an earlier date for Mr. Spence's *Nehmer* claim:

> Therefore, even if VA had evidence of a current diagnosis of CAD prior to April 1985, the April 1985 decision would have been the first rating decision, not the August 1985 rating decision.  The appellant does not allege that evidence of a current diagnosis of CAD was submitted between April 1985 and August 1985 *which would be the only situation where the first* Nehmer *footnote would apply.*

*Id.* at *3 n.2 (emphasis added).

Mrs. Spence timely appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute.  We may review the validity of a Veterans Court's interpretation of a rule of law or any statute or regulation relied on by the Veterans Court in making its decision.  38 U.S.C. § 7292(a).  We review legal

determinations of the Veterans Court de novo. *Lynch v. McDonough*, 21 F.4th 776, 779 (Fed. Cir. 2021).

The Veterans Court erred by never addressing whether the hearing loss claim remained pending after the August 1985 decision was sent to Mr. Spence but not his representative. As discussed above, it appears this claim, despite not explicitly for a covered herbicide disease, nonetheless can be considered a claim for a covered herbicide disease if certain conditions are met. Thus, whether the hearing loss claim remained pending is critical to determine whether Mrs. Spence might be able to rely on that claim, along with any medical records possessed by VA of Mr. Spence's CAD diagnosis, to support an earlier effective date for CAD. If, on remand, it is determined that the hearing loss claim remained pending, it should also be determined when VA possessed evidence of a CAD diagnosis in considering the proper effective date of the CAD claim.[2]

## CONCLUSION

For the foregoing reasons, the Veterans Court's decision is vacated and remanded.

## VACATED AND REMANDED

### COSTS

No costs.

---

[2] At oral argument, the Secretary suggested the April 1985 decision explicitly denying CAD foreclosed applying the special effective date rules for *Nehmer* class members to the August 1985 hearing loss decision. *See* Oral Arg. at 33:54–37:19. As this issue was not fully briefed on appeal, we leave it to the Veterans Court to address on remand as appropriate.