# United States Court of Appeals for the Federal Circuit

---

**JOSHUA E. BUFKIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1089

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3886, Judge Michael P. Allen.

---

Decided: August 3, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

SARAH E. KRAMER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, HUGHES and STOLL, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Joshua Bufkin appeals the final decision of the United States Court of Appeals for Veterans Claims denying service connection for an acquired psychiatric disorder. Because we find no legal error in the Veterans Court's interpretation of its standard of review and the benefit of the doubt rule, we affirm.

I

Mr. Bufkin served in the U.S. Air Force from September 2005 to March 2006. In July 2013, he filed a claim for service connection for several conditions, including an acquired psychiatric disorder. In support, he submitted VA medical records reflecting his visits with a VA psychiatrist, Dr. Robert Goos, between February 21 and June 21, 2013. In his notes, Dr. Goos stated that "in every aspect he meets [the] criteria for [post-traumatic stress disorder ("PTSD")]," J.A. 20, but he could not identify the specific stressor or whether the stressor relates to Mr. Bufkin's military service. In March 2014, a VA regional office denied service connection for PTSD because "[t]he available medical evidence [was] insufficient to confirm a link between [his] symptoms and an in-service stressor." J.A. 23.

In July 2014, Mr. Bufkin submitted a lay statement for his service connection claim for PTSD. Subsequently, VA scheduled an examination with a VA psychiatrist, who opined that his "symptoms do not meet the diagnostic criteria for PTSD." J.A. 26. In an August 2015 decision, VA continued the denial of service connection for lacking a PTSD diagnosis. Mr. Bufkin filed a notice of disagreement, arguing that Dr. Goos' favorable 2014 opinion and the VA examiner's unfavorable 2015 opinion were in equipoise, and therefore, VA was legally obligated to grant service connection.

In April 2018, Mr. Bufkin underwent another VA examination with a different examiner. The second examiner also concluded that his symptoms "do[] not meet [the diagnostic] criteria for PTSD." J.A. 54. In May 2018, VA issued a statement of the case, continuing the denial of service connection for an acquired psychiatric disorder. He appealed that decision to the Board. While his appeal was pending, VA received a statement from another VA psychiatrist. The third examiner opined that in addition to a severe anxiety disorder, he "suffers from chronic PTSD due to a number of issues, but . . . [s]ome examiners do not consider this to be PTSD." J.A. 103.

In February 2020, the Board issued a decision denying service connection for an acquired psychiatric disorder. The Board found that the preponderance of evidence supported a finding that Mr. Bufkin does not have PTSD.

The Veterans Court affirmed. The Veterans Court found no error in the Board's application of the benefit of the doubt rule under 38 U.S.C. § 5107(b). Section 5107(b) provides that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." In other words, if the competing evidence is in "approximate balance" or "nearly equal," then the benefit of the doubt rule requires the Board to rule in favor of the veteran. *Lynch v. McDonough*, 21 F.4th 776, 781 (Fed. Cir. 2021) (en banc). The Veterans Court explained that the Board considered conflicting medical statements but found Dr. Goos' diagnosis of PTSD less persuasive than the conflicting June 2015 opinion "because the June 2015 opinion provided a more comprehensive review of appellant's military and medical history." J.A. 8. The Veterans Court concluded that this "finding is not clearly erroneous. And thus, the benefit of the doubt doctrine does not apply here." *Id.* (footnote omitted).

Mr. Bufkin now appeals.

## II

We review de novo the Veterans Court's interpretation of law. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998). Unless an appeal from the Veterans Court decision presents a constitutional issue, this Court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(A)–(B).

Because Mr. Bufkin argues that the Veterans Court wrongly interpreted 38 U.S.C. § 7261(b)(1), we have jurisdiction.

## A

This case is another in a series challenging various aspects of the benefit of the doubt rule. *See, e.g.*, *Mattox v. McDonough*, 56 F.4th 1369 (Fed. Cir. 2023); *Roane v. McDonough*, 64 F.4th 1306 (Fed. Cir. 2023). In *Mattox*, we held that "when conducting a benefit-of-the-doubt-rule analysis, as in other settings, the Board is required to assign probative value to the evidence" rather than simply identifying and labeling each piece of evidence as positive or negative. *Mattox*, 56 F.4th at 1378. In *Roane*, we held that the Veterans Court reviews "the Board's factual determinations for *clear error* while taking due account of the Board's application of the benefit of the doubt rule." *Roane*, 64 F.4th at 1311 (emphasis added).

Here, Mr. Bufkin raises two related legal arguments: first, whether § 7261(b)(1) requires the Veterans Court to take due account of the Secretary's application of the benefit of the doubt rule without consideration of the Board's application; and second, whether § 7261(b) requires a de novo, non-deferential review of how the benefit of the doubt rule was applied.

Mr. Bufkin first argues that the Veterans Court erred by taking due account of the *Board*'s application of § 5107(b) rather than taking due account of the *Secretary*'s application of § 5107(b). Pet. Br. 9. In support, he points to the plain text of § 7261(b)(1), which states "the Court shall . . . take due account of the *Secretary*'s application of section 5107(b) (emphasis added)." Section 5107(b), as quoted above, codifies the benefit of the doubt rule. He contends that § 7261(b)(1)'s use of the term "Secretary," not Board, requires the Veterans Court to review how the benefit of the doubt rule was applied throughout the claims process, rather than the Board's consideration of that issue.

When construing the plain meaning of the statute, we "must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). Here, reading the statutory text in a broader context, we hold that the term "Secretary" in § 7261(b)(1) includes the Secretary acting in his capacity as the Board for the purpose of making a final agency decision.

The term "Secretary" in § 7261(b)(1) simply mirrors the same term in § 5107(b), which states "the *Secretary* shall give the benefit of the doubt to the claimant (emphasis added)." *See Atl. Cleaners & Dryers, Inc v. United States*, 286 U.S. 427, 433 (1932) ("[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning."). Under § 5107(b), "the Secretary" reviews the record to determine whether the benefit of the doubt rule should apply. We have long interpreted "the Secretary" in § 5107(b) to refer to the Board. *See, e.g., Lynch,* 21 F.4th at 781 (holding that the application of the benefit of doubt rule under § 5107(b) depends on whether the *Board* is persuaded by the evidence); *Roane*, 64 F.4th at 1310–11 (explaining that the "take due account" language in § 7261 requires the Veterans Court to review the *Board*'s application of the benefit of doubt rule). Hence, when § 7261(b)(1) refers to "the *Secretary*'s

application of section 5107(b)," the term Secretary encompasses the Board acting on behalf of the "Secretary" in § 5107(b). Curiously, in parts of his brief, Mr. Bufkin concedes that the "Secretary" in § 7261(b)(1) refers to the Board. Pet. Br. 13 ("[W]hen Congress refers in § 7261(b)(1) to 'the application of the provision of § 5107(b)' this Court must assume that Congress was referring to the Secretary acting in his capacity as the Board.").

This understanding is also consistent with how the term Secretary was defined in the jurisdictional statute, § 7104(a). Section 7104(a) reads, "[a]ll questions . . . subject to decision by the Secretary shall be subject to *one review on appeal to the Secretary* (emphasis added)." When we previously considered the meaning of "one review on appeal to the Secretary," we understood it to mean a review by the Board acting on behalf of the Secretary. *Disabled Am. Veterans v. Sec'y of Veterans Affs.*, 327 F.3d 1339, 1347 (Fed. Cir. 2003). "By statute, the Board is an agent of the Secretary," *id.*, and its jurisdictional authority stems from delegation by the Secretary. Hence, "the Secretary" is an umbrella term that encompasses the Board in certain contexts.

Apart from the statutory text of § 7261(b)(1), Mr. Bufkin also points to a different statutory provision, § 7252(b), as evidence that Congress intended the Veterans Court to review the entire records before the Secretary, not just the Board. Pet. Br. 13–14. Section 7252(b) reads, "[r]eview in the [Veterans] Court shall be on the record of proceedings *before the Secretary and the Board* (emphasis added)." He argues that the review by the Veterans Court necessarily includes the application of the benefit of doubt rule, and therefore, the Veterans Court erred by only reviewing the record of proceedings before the Board. However, his interpretation reads out the rest of § 7252(b), which states "[t]he extent of the review [under § 7252(b)] shall be limited to the scope provided in section 7261 of this title."

The Veterans Court clearly can review the entire record as long as its review is confined to the scope prescribed in § 7261. *See Tadlock v. McDonough,* 5 F.4th 1327, 1331–32 (Fed. Cir. 2021); *see also Bowling v. McDonough*, 38 F.4th 1051, 1057 (Fed. Cir. 2022); *Euzebio v. McDonough*, 989 F.3d 1305, 1318 (Fed. Cir. 2021). For instance, in *Bucklinger v. Brown*, the Veterans Court reviewed the *entire* record, including those parts not explicitly relied on by the Board, to determine if a plausible basis existed for the Board's factual determination. 5 Vet. App. 435, 439 (1993). Unable to find one, the Veterans Court reversed the Board's decision, explaining that a reversal is warranted under both the benefit of the doubt rule *and* clearly erroneous standard applied to a finding of fact under § 7261(a)(4). *Id.* This interpretation is consistent with our understanding of the Veterans Court's review in a parallel provision, § 7261(b)(2), which also directs the Veterans Court to *take due account* of the Board's application but for rule of prejudicial error. There, we explained that "the take due account" provision authorizes the Veterans Courts to "consult the full agency record, including facts and determinations that could support an alternative ground for affirmance." *Tadlock*, 5 F.4th at 1334.

So we agree with Mr. Bufkin that the Veterans Court can review the entire record of proceedings before the Secretary in determining whether the benefit of the doubt rule was properly applied. Where we part ways is with his expansive interpretation of § 7261(b)(1) that would *require* the Veterans Court to sua sponte review the entire record to address the benefit of the doubt rule even if there was no challenge to the underlying facts found by the Board or to the Board's application of the benefit of the doubt rule. Section 7261(a) explicitly prohibits such an expansive interpretation of the Veterans Court's jurisdiction. It states, in relevant parts, that the Veterans Court "shall decide" issues only "when presented." § 7261(a). We similarly observed that this express jurisdictional limit in § 7261(a)

shows Congress's intent not to "grant the Veterans Court sua sponte powers that would set it apart from other [Article III] courts." *Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016). Therefore, if no issue that touches upon the benefit of the doubt rule is raised on appeal, the Veterans Court is not required to sua sponte review the underlying facts and address the benefit of the doubt rule.

Section 7252(b) cannot serve as an independent basis to expand the Veterans Court's scope of review beyond what is prescribed in § 7261. All that is required under § 7261(b)(1) is for the Veterans Court to review the Board's application of the benefit of the doubt rule. Of course, in the context of that review, the Veterans Court can review the entire record, but it does so in the context of whether the Board's application of the benefit of the doubt rule was correct. The Veterans Court did not err by refusing to examine independently how the benefit of the doubt rule was applied during the claims process at the regional office.

B

Mr. Bufkin next argues that § 7261(b) requires the Veterans Court to conduct a "de novo, non-deferential" review of the Board's application of the benefit of the doubt rule. We recently addressed the same issue in *Roane*. There, the veteran also argued that the "take due account" language in § 7261(b) requires the Veterans Court to conduct an "additional and independent non[-]deferential review" of the Board's application of the benefit of the doubt rule. *Roane*, 64 F.4th at 1309. We specifically "decline[d] to adopt [such a] far-reaching interpretation of the phrase 'take due account.'" *Id.* We explained that the scope of the Veterans Court's review is limited by § 7261(c) and § 7261(a): § 7261(c) expressly prohibits de novo review of material facts by the Veterans Court; and § 7261(a) allows the Veterans Court to review facts only under the clearly erroneous standard. *Id.* at 1310. Accordingly, we held that the Veterans Court properly reviewed the Board's factual

determination for clear error while taking due account of the Board's application of the benefit of the doubt rule. *Id.* at 1311.

Here, the Veterans Court properly considered the Board's application of the benefit of the doubt rule. The Veterans Court explicitly noted the Board's consideration of conflicting medical opinions and the Board's conclusion that "the June 2015 opinion [finding that he did not have PTSD] [is] more persuasive than the opinions showing a diagnosis of PTSD." J.A. 8. The Veterans Court concluded that the Board did not misapply the benefit of the doubt rule, because, as the Board explained, "the June 2015 opinion provided a more comprehensive review of [Mr. Bufkin]'s military and medical history." J.A. 8; *Lynch*, 21 F.4th at 781 (holding that the benefit of the doubt rule "does not apply when [the Board] is *persuaded* by the evidence to make a particular finding"). The Veterans Court also found that the underlying facts supporting the Board's conclusion are not clearly erroneous. J.A. 8. Hence, the Veterans Court applied the appropriate standard of review, clear error, and properly took account of the Board's application of the benefit of the doubt rule.

## III

Because we conclude that the Veterans Court did not err by taking due account of the Board's application of the benefit of the doubt rule and applied the appropriate standard of review under § 7261(b)(1), we affirm.

**AFFIRMED**

COSTS

No costs.