NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NORMAN F. THORNTON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-2329

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-882, Judge Joseph L. Falvey, Jr.

_____

Decided: August 9, 2023

_____

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

------

Before LOURIE, CLEVENGER, and STARK, *Circuit Judges.*

CLEVENGER, *Circuit Judge*

Norman F. Thornton appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board"), which denied his claim for a rating above 50% for his service-connected disability from post-traumatic stress disorder ("PTSD"). *Thornton v. McDonough*, No. 20-0882, 2021 WL 2389702 (Vet. App. June 11, 2021). For the reasons set forth below, we affirm the final decision of the Veterans Court.

I

Section 5107(b) of Title 38 provides that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." If the competing evidence on a material issue is in "approximate balance" or "nearly equal," the benefit of the doubt rule requires the Board to decide the material issue in favor of the veteran. *Lynch v. McDonough*, 21 F.4th 776, 781 (Fed. Cir. 2021) (en banc).

In this case, Mr. Thornton argued to the Board that he was entitled to the benefit of the doubt regarding the issue of his entitlement to an increased rating for his PTSD. After assessing the evidence of record concerning the severity, frequency, and duration of Mr. Thornton's symptoms, the Board concluded that "[t]here is no doubt to be resolved; a higher rating is not warranted. 38 U.S.C. § 5107(b)."

Mr. Thornton appealed the Board's adverse decision to the Veterans Court. The scope of the Veterans Court's review authority is set forth in 38 U.S.C. § 7261. Relevant to this case, § 7261(a)(4) requires the Veterans Court to review adverse material fact determinations by the Board for

clear error.  In testing such fact determinations for clear error, § 7261(b) requires the Veterans Court to review the entire record of proceedings in the case before the Secretary, including the parts of the record before the Board, and, as part of that review, to "take due account of the Secretary's application of section 5107(b) of this title."  38 U.S.C. § 7261(b)(1).

Because the overall evidence on the degree of Mr. Thornton's PTSD was not in approximate balance, the Veterans Court concluded that the benefit of the doubt rule did not apply – the same conclusion reached by the Board after its assessment of the record.  Thus, on review by the Veterans Court, no clear error was shown in the Board's assessment of the balance of the factual evidence concerning the severity of Mr. Thornton's PTSD.

## II

Mr. Thornton's appeal to this court argues that the Veterans Court misinterpreted § 7261(b)(1)'s requirement that the Veterans Court, when undertaking review pursuant to § 7261(a), "take due account of the Secretary's application of section 5107(b) of this title."  In addition to the § 7261(a) review of Mr. Thornton's claim of entitlement to the benefit of the doubt which the Veterans Court conducted, Mr. Thornton argues that "taking due account" of the benefit of the doubt rule requires the Veterans Court to conduct an additional separate and independent de novo review of the entire record, to assure that the veteran has not improperly been denied the benefit of the doubt.  Further, Mr. Thornton argues that "taking due account" requires that this additional level of review be conducted sua sponte by the Veterans Court even if the veteran has not challenged a Board's determination that the benefit of the doubt rule does not apply.

The same interpretation questions Mr. Thornton raises in this case recently were presented to and decided by this court in *Bufkin v. McDonough*, No. 2022-1089 (Fed. Cir.

Aug. 3, 2023).  As the decision in *Bufkin* explains, the statutory command that the Veterans Court "take due account" of the benefit of the doubt rule does not require the Veterans Court to conduct any review of the benefit of the doubt issue beyond the clear error review required by § 7261, and "if no issue that touches upon the benefit of the doubt rule is raised on appeal, the Veterans Court is not required to sua sponte review the underlying facts and address the benefit of the doubt rule." *Bufkin*, slip op. at 7-9.

Because Mr. Thornton's preferred interpretation of § 7261(b)(1) was rejected in *Bufkin*, we must also reject it in this appeal.  Other than the statutory interpretation issue, Mr. Thornton does not fault the decision of the Veterans Court, and we thus affirm the Veterans Court's decision.

## AFFIRMED

COSTS

No costs.